[No. S145231. Oct. 25, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT ANTHONY LAMAS, JR., Defendant and Appellant.

▆▆▆▆▆▆▆▆▆▆
▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

**COUNSEL**

Howard J. Stechel, under appointment by the Supreme Court, for Defendant and Appellant.

Bill Lockyer and Edmund G. Brown, Jr., Attorneys General, Robert R. Anderson and Dane R. Gillette, Chief Assistant Attorneys General, Gary W. Schons, Assistant Attorney General, James D. Dutton, Steve Oetting and Melissa Mandel, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**CHIN, J.**—Penal Code section 186.22[1] is a provision of the California Street Terrorism Enforcement and Prevention Act, also known as the STEP Act. (§ 186.20 et seq.) A violation of section 12031, subdivision (a)(1), is the misdemeanor offense of carrying a loaded firearm in public. Subdivision (a)(2)(C) of section 12031 elevates the offense to a felony if committed by "an active participant in a criminal street gang, as defined in subdivision (a) of Section 186.22."[2] We recently interpreted the phrase "an active participant in a criminal street gang, as defined in subdivision (a) of Section 186.22" in section 12031, subdivision (a)(2)(C) to mean that "carrying a loaded firearm in public *becomes a felony* under section 12031(a)(2)(C) when a defendant satisfies the *elements* of the offense described in section 186.22(a)."[3] (*People v. Robles* (2000) 23 Cal.4th 1106, 1115 [99 Cal.Rptr.2d 120, 5 P.3d 176] (*Robles*), italics added.)

In this case, we again consider the interplay between sections 186.22(a) and 12031(a)(2)(C).[4] We conclude that, in order to establish the elements of

---

[1] All further statutory references are to the Penal Code.

[2] Section 186.22, subdivision (a), provides that "[a]ny person who actively participates in any criminal street gang with knowledge that its members engage in or have engaged in a pattern of criminal gang activity, and who willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang," shall be punished either as a misdemeanor or as a felony.

[3] Throughout this opinion, we refer to section 186.22, subdivision (a) as section 186.22(a), to section 12031, subdivision (a)(2)(C) as section 12031(a)(2)(C), to section 12025, subdivision (a)(2) as section 12025(a)(2), and to section 12025, subdivision (b)(3) as section 12025(b)(3).

[4] Section 12025(a)(2) defines the misdemeanor offense of carrying a concealed firearm. Subdivision (b)(3) of section 12025 elevates the offense to a felony if committed by "an active participant in a criminal street gang, as defined in subdivision (a) of Section 186.22." In order to simplify our analysis of the single legal issue before us, we discuss the effect of our holding regarding the proof required to satisfy the elements of section 186.22(a) on defendant's conviction under section 12025(b)(3) later in this opinion.

section 186.22, among other things, the prosecution must prove that the charged gang member willfully promoted, furthered, or assisted members of his gang in *felonious* criminal conduct that is *distinct from* his otherwise misdemeanor conduct of carrying a loaded firearm in public or carrying a concealed weapon on his person. This conclusion applies to the substantive charge that defendant is an active participant of a criminal street gang (§ 186.22(a)) and to the gun offenses that elevate to felonies only upon proof that defendant satisfied *Robles*'s requirements under section 186.22(a).

## I. FACTS

At 3:15 a.m., Officer Thomas Carney of the Buena Park Police Department noticed defendant riding a bicycle without the required lights. When Officer Carney illuminated defendant with a spotlight, defendant looked at the officer, shook his head, turned his bicycle around, rode to the back of a nearby restaurant, and dropped his bicycle. Despite Officer Carney's command to stop, defendant ran to a wall and jumped over it.

As Officer Carney went over that wall in pursuit, he noticed a "glaring object" in a planter near where defendant had scaled the wall. From that planter police retrieved a .45-caliber Ruger Vaquero firearm that contained five bullets. The gun, which was dry even though the dirt in the planter was wet, did not belong to the occupants of the house in whose yard it was located. That gun and four others had been stolen earlier. The owner of the stolen guns testified that he did not believe defendant had taken them. A second officer located defendant crouched by a wall in a yard a few houses away from where the gun was found.

Detective Chlebowski, a member of a "tri agency gang enforcement team," testified that he believed defendant was an active member in the Baker Street gang and that defendant was in a rival gang's territory when he was arrested. Chlebowski acknowledged that defendant was alone when arrested, defendant was not in contact with other gang members at that time, there was no evidence linking the Ruger Vaquero with any other gang member, and only defendant "would know why he was carrying that gun on that day." Chlebowski testified that Baker Street gang members recently had been involved in various felony offenses, but he presented no evidence that police had reason to believe defendant was aware of, or involved in, any of the gang's felonious conduct.

Defendant was charged with the following four felonies: active participation in a gang (§ 186.22(a)); active gang member carrying a loaded firearm in public (§ 12031(a)(2)(C)); active gang member carrying concealed firearm on his person (§ 12025(a)(2); § 12025(b)(3)); and receiving stolen property

(§ 496, subd. (a)). The information also charged defendant with one misdemeanor, resisting and obstructing an officer (§ 148, subd. (a)(1)). In conjunction with the loaded firearm charge, the information alleged that defendant committed the offense "for the benefit of, at the direction of, and in association with BAKER STREET, a criminal street gang, with the specific intent to promote, further, and assist in criminal conduct by members of that gang" (§ 186.22, subd. (b)(1)).

The jury found defendant guilty of being an active participant in a criminal street gang (count 5), the gang-related elevated felony gun offenses (counts 1 and 2), and resisting arrest (count 4). The jury found defendant not guilty of receiving stolen property, and it found not true the allegation that defendant had carried the loaded weapon "for the benefit of, at the direction of, or in association with any criminal street gang." The Court of Appeal affirmed the elevation of defendant's misdemeanor gun offenses to felonies pursuant to sections 12031(a)(2)(C) and 12025(b)(3). It also affirmed the misdemeanor resisting arrest conviction. It reversed the count 5 street terrorism conviction on the basis that it was a lesser included offense of count 1, and it stayed count 2 pursuant to section 654. We granted review.

## II. DISCUSSION

Defendant contends that, in order to establish the substantive offense of active participation in a criminal street gang, the People must prove that he promoted, furthered, or assisted in *felonious* conduct by members of his gang *distinct from* his otherwise misdemeanor offense of carrying a firearm in public in order to meet the elements of the substantive offense under section 186.22(a). Defendant also contends the trial court's instructions improperly eliminated that requirement with regard to each of the three gang-related charges. We agree.

### A. *The Relevant Statutes and Jury Instructions*

As noted *ante*, section 186.22(a) provides that "[a]ny person who actively participates in any criminal street gang with knowledge that its members engage in or have engaged in a pattern of criminal gang activity, and who *willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang*," shall be punished either for a misdemeanor or for a felony. (Italics added.)

With regard to the substantive offense of active participation in a criminal street gang charged in count 5 (§ 186.22(a)), the trial court instructed the jury, in part, that "[f]elonious *criminal conduct includes carrying a loaded firearm*

*in a public place by a gang member . . . or . . . carrying a concealed firearm by a gang member."*[5] (Italics added.)

Carrying a loaded firearm in a public place is generally a misdemeanor. (§ 12031, subd. (a)(1), (2)(G).) The crime elevates to a felony if certain conditions are met. One such condition is "[w]here the person is an active participant in a criminal street gang, as defined in subdivision (a) of Section 186.22 . . . ." (§ 12031(a)(2)(C).)

With regard to the felony loaded-firearm offense charged in count 1 (§ 12031(a)(2)(C)), the prosecution submitted, and the trial court gave, a modified version of CALJIC No. 12.54.1, in relevant part, as follows: "Every person who, with knowledge of its presence, unlawfully carries a loaded firearm on his person while in any public place and that person is an active participant in a criminal street gang, and willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang, is guilty of the violation of Penal Code section 12031, subdivision (a)(2)(C), which is a crime. [¶] . . . [¶] In this instruction, the term 'active participant' means that the person must have a relationship with the criminal street gang that is more than in name only, passive, inactive, or purely technical. [¶] *Felonious criminal conduct, the term here includes possession of a loaded or concealed firearm. . . .*" (Italics added.)

The trial court then instructed the jury, that, in order to prove the felony offense of carrying a loaded firearm in public, "each of the following elements must be proved: Number one, a person carried a loaded firearm on his person while on a public street or in a public place. Number two, the person had knowledge of the presence of the firearm and number three, at the time the person was an active participant in a criminal street gang. Number four, the members of that gang engaged in or have engaged in a pattern of criminal gang activity. Number five, the person knew that the gang members engaged in or have engaged in a pattern of criminal gang activity. And number six, *that the person either directly and actively committed or aided and abetted members of that gang in committing the crime[] of carrying a loaded firearm in public while being a gang member.*" (Italics added.) The trial court then reiterated that "[f]elonious criminal conduct includes carrying a loaded firearm in public by a gang member."

### B. *The* Robles *and* Castenada *Decisions*

■ As stated above, section 12031(a)(2)(C) provides, in relevant part, that the offense of carrying a loaded firearm in a public place elevates to a

---

[5] We do not discuss the inclusion of "possession of stolen property" in the trial court's list of "felonious criminal conduct" because defendant was found not guilty of receiving stolen property in this case.

felony "[w]here the person is an active participant in a criminal street gang, as defined in subdivision (a) of Section 186.22 . . . ." In *Robles*, we noted that, "[c]ontrary to the express language of section 12031(a)(2)(C), however, subdivision (a) of section of 186.22 . . . does not at all *define* the statutory phrase 'an active participant in a criminal street gang.' " (*Robles, supra*, 23 Cal.4th at p. 1111.)

In *People v. Castenada* (2000) 23 Cal.4th 743 [97 Cal.Rptr.2d 906, 3 P.3d 278], we held that *one of the elements* of section 186.22(a) is " 'active[] participa[tion] in any criminal street gang,' " which means "defendant's involvement with the gang is more than nominal or passive . . . ." (*People v. Castenada*, at p. 745.) In *Robles*, we construed "section 12031(a)(2)(C)'s phrase 'active participant in a criminal street gang, as defined in subdivision (a) of Section 186.22' as referring to the substantive gang offense defined in section 186.22(a)." (*Robles, supra*, 23 Cal.4th at p. 1115.)[6]

The substantive offense defined in section 186.22(a) has three elements. Active participation in a criminal street gang, in the sense of participation that is more than nominal or passive, is the first element of the substantive offense defined in section 186.22(a). The second element is "knowledge that [the gang's] members engage in or have engaged in a pattern of criminal gang activity," and the third element is that the person "willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang." (§ 186.22(a).)

Therefore, *Robles* held that "carrying a loaded firearm in public becomes a felony under section 12031(a)(2)(C) when a defendant satisfies the elements of the offense described in section 186.22(a)" by " 'actively participat[ing] in any criminal street gang with knowledge that its members engage in or have engaged in a pattern of criminal gang activity' and 'willfully promot[ing], further[ing] or assist[ing] in any felonious criminal conduct by members of that gang.' (§ 186.22(a).)" (*Robles, supra*, 23 Cal.4th at p. 1115.)

---

[6] In order to construe the statutory language "as defined in subdivision (a) of Section 186.22," we undertook to determine what the legislative intent was in drafting that language as used in section 12031(a)(2)(C). (*Robles, supra*, 23 Cal.4th at p. 1111.) We found that "the legislative history of section 12031(a)(2)(C) g[ave] no clear guidance regarding" the Legislature's intended meaning. (*Id.* at p. 1114.) Consequently, we looked to the following rule of statutory construction: "When, as here, the language of a penal law is reasonably susceptible of two interpretations, we construe the law 'as favorably to criminal defendants as reasonably permitted by the statutory language and circumstances of the application of the particular law at issue.' [Citations.]" (*Id.* at p. 1115.)

### C. *Application of* Robles *When a Gang Member Is Charged with a Misdemeanor Gun Offense*

■ *Robles* suggests that mere proof that defendant is more than a nominal member of a criminal street gang and that he committed the *misdemeanor* offense of carrying a loaded firearm in public is not sufficient to satisfy the elements of section 186.22(a) or to elevate a section 12031, subdivision (a)(1) misdemeanor violation to a felony under section 12031(a)(2)(C) by operation of section 186.22(a). In the present case, we hold that, in order to prove the elements of the substantive offense defined in section 186.22(a), the prosecution must prove that defendant (1) is more than a nominal member of a criminal street gang, that (2) he had "knowledge that its members engage in or have engaged in a pattern of criminal gang activity," and that (3) he "willfully promot[ed], further[ed], or assist[ed] in . . . *felonious* criminal conduct by members of that gang" (§ 186.22(a), italics added) that is *distinct from his otherwise misdemeanor conduct of carrying a loaded weapon in public.*

■ In other words, *all* of section 186.22(a)'s elements must be satisfied, including that defendant willfully promoted, furthered, or assisted felonious conduct by his fellow gang members *before* section 12031(a)(2)(C) applies to elevate defendant's section 12031, subdivision (a)(1) misdemeanor offense to a felony. Stated conversely, section 12031(a)(2)(C) applies only *after* section 186.22(a) has been *completely* satisfied by conduct *distinct from* the otherwise misdemeanor conduct of carrying a loaded weapon in violation of section 12031, subdivision (a)(1). Therefore, defendant's misdemeanor conduct—being a gang member who carries a loaded firearm in public—cannot satisfy section 186.22(a)'s third element, felonious conduct, and then be used to elevate the otherwise misdemeanor offense to a felony.

The People acknowledge that a prior *misdemeanor conviction* under section 186.22(a) cannot satisfy the elements of section 186.22 or the elements of section 12031(a)(2)(C). They concede that "misdemeanor convictions do not constitute 'felonious criminal conduct[,]' [s]o a person with a prior misdemeanor conviction for section 186.22, subdivision (a) is not in violation of section 12031, subdivision (a)(2)(C), unless the current charged firearm possession itself constitutes 'felonious criminal conduct' . . . ." It logically follows that *misdemeanor conduct* similarly cannot constitute "felonious criminal conduct" within the meaning of section 186.22.

■ The same logic applies with equal force to the interplay between section 186.22(a) and section 12025(b)(3), the section that elevates the misdemeanor offense of carrying a concealed firearm on one's person (§ 12025(a)(2)) to a felony if committed by "an active participant in a

criminal street gang, as defined in subdivision (a) of Section 186.22." (§ 12025(b)(3).) In *Robles* we used rules of statutory construction in analyzing the meaning of this phrase in the context of section 12031(a)(2)(C). Sections 12025(b)(3) and 12031(a)(2)(C) were both enacted as part of the Anti-Street Crimes Act of 1995, and they both focus on carrying a gun. (Stats. 1996, ch. 787, §§ 1, 2, 3, pp. 4152, 4153.) "It is an established rule of statutory construction that similar statutes should be construed in light of one another [citations], and that when statutes are *in pari materia* similar phrases appearing in each should be given like meanings. [Citations.]" (*People v. Caudillo* (1978) 21 Cal.3d 562, 585 [146 Cal.Rptr. 859, 580 P.2d 274], overruled on other grounds in *People v. Martinez* (1999) 20 Cal.4th 225, 229, 237, fn. 6 [83 Cal.Rptr.2d 533, 973 P.2d 512].) We therefore apply our interpretation of section 12031(a)(2)(C) in *Robles* to the identical language found in section 12025(b)(3). ■ Thus, there must be evidence that a defendant promoted, furthered, or assisted *felonious conduct* by other gang members *distinct from* his otherwise misdemeanor offense of carrying a concealed firearm on his person to elevate the offense to a felony pursuant to section 12025(b)(3). Without the additional evidence, the prosecution cannot satisfy section 186.22(a)'s elements, and the misdemeanor offense of carrying a concealed firearm cannot be elevated to a felony under section 12025(b)(3).

In the present case, in instructing the jury with regard to the substantive offense of active participation in a criminal street gang charged in count 5 (§ 186.22(a)), the trial court stated that "[f]elonious criminal conduct includes carrying a loaded firearm in a public place by a gang member, possession of stolen property or . . . carrying a concealed firearm by a gang member," and that "[i]n order to prove this crime, each of the following elements must be proved: [¶] 1. A person actively participated in a criminal street gang; [¶] 2. The members of that gang engaged in or have engaged in a pattern of criminal gang activity; [¶] 3. That person knew that the gang members engaged in or have engaged in a pattern of criminal gang activity; and [¶] 4. *That person either directly and actively committed or aided and abetted other members of that gang in committing the crime[] of carrying a loaded firearm.*" (Italics added.)[7] The count 5 instructions removed the element of involvement in felonious criminal conduct and required the jury to find that defendant committed or aided and abetted a misdemeanor offense, namely, carrying a loaded firearm in public (§ 12031, subd. (a)(1)), rather than a felony offense as is required by section 186.22(a).

Similarly, with regard to the felony loaded-firearm offense charged in count 1, and the felony concealed-firearm offense charged in count 2, the trial court

---

[7] Judicial Council of California Criminal Jury Instructions (2007) CALCRIM No. 1400 contains the standard jury instruction for the crime of active participation in a criminal street gang.

erroneously instructed that, with regard to the required finding that defendant "willfully promote[d], further[ed], or assist[ed] in any felonious criminal conduct by members of [his] gang" (§ 186.22(a)), "[f]elonious *criminal conduct, the term here includes possession of a loaded or concealed firearm.*" (Italics added.) The instructions on the felony gun offenses omitted an element because, in the list of the elements necessary to prove a violation of section 12031(a)(2)(C) and a violation of section 12025(b)(3), the instructions required the jury to find only that defendant committed, or aided and abetted a gang member in committing, *a misdemeanor*, rather than that defendant had engaged in felonious criminal conduct.

An instructional error that improperly describes or omits an element of the crime from the jury's consideration is subject to the "harmless error" standard of review set forth in *Chapman v. California* (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 87 S.Ct. 824]. (*People v. Flood* (1998) 18 Cal.4th 470, 502–504 [76 Cal.Rptr.2d 180, 957 P.2d 869].) We thus consider whether it appears beyond a reasonable doubt that the instructional error did not contribute to the jury's verdict. (*Chapman v. California, supra,* 386 U.S. at p. 24.) Applying the *Chapman* standard, we conclude that the trial court's instructions regarding the third element of section 186.22(a) were prejudicial as to all three gang-related felony counts. The jury found defendant not guilty of the felony receiving-stolen-property charge, and, here, as in *Robles,* the prosecution presented no evidence that defendant knew of, or was involved in, the prior felonious conduct by his gang members.[8] (*Robles, supra,* 23 Cal.4th at pp. 1110, 1115.) "[S]ection 186.22(a) limits liability to those who promote, further, or assist a specific felony committed by gang members and who know of the gang's pattern of criminal gang activity." (*People v. Castenada, supra,* 23 Cal.4th at p. 749.) Once the jury found defendant was not guilty of receiving stolen property, there was no evidence before it that suggested defendant engaged in *any* felonious conduct, either concurrently with, or prior to, his misdemeanor gun offenses.[9] Accordingly, it is apparent that the instructional error affected the three verdicts that rested on gang-related evidence.

We conclude that the trial court committed prejudicial error when it removed an essential element from its instructions defining section 186.22(a), and that, in turn, the instructional error regarding section 186.22(a) prejudicially removed that same element from its instructions defining sections

---

[8] We note that, in the present case, the jury also specifically found that defendant was not acting on behalf of his gang while he was carrying a loaded gun on the date he was arrested.

[9] We do not address the issue raised in briefing regarding whether the felonious conduct requirement in section 186.22(a) can be satisfied with conduct that occurs contemporaneously with otherwise misdemeanor gun offenses because the record does not contain evidence that defendant Robert Anthony Lamas, Jr., engaged in *any* felonious conduct, either concurrently with, or prior to, his misdemeanor gun offenses.

12031(a)(2)(C) and 12025(b)(3). Accordingly, defendant's convictions as to counts 1 and 2 must be reversed. Count 5 already has been reversed by the Court of Appeal, albeit on other grounds. Defendant's section 148, subdivision (a)(1) misdemeanor conviction is unaffected by this conclusion.

## III. CONCLUSION

We reverse in part and affirm in part the judgment of the Court of Appeal. We remand the matter to the Court of Appeal for further proceedings consistent with this opinion.

George, C. J., Kennard, J., Werdegar, J., and Moreno, J., concurred.

**BAXTER, J.,** Concurring.—I concur in the majority's holding, solely and reluctantly under compulsion of *People v. Robles* (2000) 23 Cal.4th 1106 [99 Cal.Rptr.2d 120, 5 P.3d 176] (*Robles*). It is unfortunate, however, that the analysis embraced in *Robles* continues to impede law enforcement efforts to eradicate unlawful criminal street gang activity, including the type of crimes involved here.

## I.

Responding to the "state of crisis" in California "caused by violent street gangs whose members threaten, terrorize, and commit a multitude of crimes against the peaceful citizens of their neighborhoods" (Pen. Code, § 186.21, 2d par.; all further statutory references are to this code unless otherwise indicated), our lawmakers passed the California Street Terrorism Enforcement and Prevention Act (§ 186.20 et seq.), and later the Anti-Street Crimes Act of 1995 (Stats. 1996, ch. 787, §§ 1, 2, 3, pp. 4152, 4153). But alleviating this crisis remains considerably more difficult because this court persists in a flawed construction of anti-street-crime legislation that elevates two firearm offenses from misdemeanors to felonies when the defendant is an active participant in a criminal street gang. (See § 12031, subd. (a)(2)(C) (hereafter section 12031(a)(2)(C)) [carrying a loaded firearm]; § 12025, subd. (b)(3) (hereafter section 12025(b)(3)) [carrying a concealed firearm].)

By its terms, section 12031(a)(2)(C) authorizes felony punishment when a person carrying a loaded firearm in public "is an active participant in a criminal street gang, as defined in subdivision (a) of Section 186.22" (hereafter section 186.22(a)). In a decision preceding *Robles, supra*, 23 Cal.4th 1106, this court unanimously concluded that a defendant " 'actively participates in any criminal street gang,' within the meaning of section 186.22(a),"

when the defendant's gang involvement " 'is more than nominal or passive.' " (*People v. Castenada* (2000) 23 Cal.4th 743, 752 [97 Cal.Rptr.2d 906, 3 P.3d 278].) Accordingly, as my dissent in *Robles* explained, it logically follows that, under section 12031(a)(2)(C), "the crime of carrying a loaded firearm in public, normally punishable as a misdemeanor, becomes punishable as a felony when the person carrying the firearm is more than nominally or passively involved with a criminal street gang." (*Robles, supra,* 23 Cal.4th at p. 1117 (dis. opn. of Baxter, J.).)

Disregarding this natural and commonsense reading of section 12031(a)(2)(C), the *Robles* majority construed the statute to authorize felony punishment for the firearm violation only upon further proof that the defendant actually violated section 186.22(a), which entails the following three elements: (1) the defendant actively participates in a criminal street gang; (2) with knowledge that its members engage or have engaged in a pattern of criminal gang activity; and (3) the defendant willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang. (See *Robles, supra,* 23 Cal.4th at p. 1115.)

Following the analytical path taken in *Robles,* the court here is compelled to hold that felony punishment under section 12031(a)(2)(C) is possible only if the prosecution can prove a complete violation of section 186.22(a), without sole reference to the current firearm charge. Under this rule, section 186.22(a)'s third element of willfully promoting, furthering, or assisting in any felonious criminal conduct by gang members cannot be satisfied by proof of the charged incident of carrying a loaded firearm, but must be established by proof of a separate felony.

I continue to find *Robles* problematic because nothing in section 12031(a)(2)(C)'s text or history suggests it is intended to target only those gun-toting active gang participants who have violated section 186.22(a) and thus have been involved in other, separate, gang-related felonies. Not only is *Robles*'s construction unsupported in this regard, but as a practical matter it strips the statute of any meaningful utility as an anti-street-crime measure.

Significantly, the court here does not disavow its earlier concession in *Robles* that its construction of section 12031(a)(2)(C) leaves prosecutors with little use for the provision in cases where a defendant commits a violation of section 186.22(a) while carrying a concealed firearm in public: "It is true that a violation of section 186.22(a), when punished as a felony, results in a maximum three-year prison sentence. It is also true that a violation of that section while carrying a firearm triggers section 12021.5[, subdivision (a)], which imposes additional punishment of up to three years in state prison. Thus, the People are correct that a defendant violating section 186.22(a)

while carrying a loaded firearm could be subject to a longer term of imprisonment (six years) than the maximum three-year term for violating section 12031(a)(2)(C) . . . ." (*Robles, supra,* 23 Cal.4th at p. 1113.)

In the face of this obvious deficiency, *Robles* offered an alternative theory to justify section 12031(a)(2)(C)'s existence: "[T]he Legislature may have enacted section 12031(a)(2)(C) to cover a situation not subject to felony punishment under section 186.22(a): when the person carrying the loaded firearm had *at some other time* committed a violation of section 186.22(a)." (*Robles, supra,* 23 Cal.4th at p. 1113.)

This rationale, also not disavowed here, is unconvincing for two reasons. First, section 12031(a)(2)(C) is explicit in authorizing felony punishment for a firearm violation "[w]here the person *is* an active participant in a criminal street gang." (Italics added.) Hence, the wording of the statute defies any notion that it is intended to apply where the defendant previously "was" an active gang participant who violated section 186.22(a) at some other time in the past. (*Robles, supra,* 23 Cal.4th at p. 1118 (dis. opn. of Baxter, J.).) Second, there appears to be only a narrow range of defendants who would not already be subject to felony punishment where section 12031(a)(2)(C) might apply, i.e., those defendants who previously were convicted of misdemeanor violations of section 186.22(a), and those who violated section 186.22(a) at some previous time, but the statute of limitations had run. As the People point out, it is highly unlikely the Legislature enacted section 12031(a)(2)(C) to target only these particular defendants.

While I continue to have significant disagreements with the court's construction of section 12031(a)(2)(C), I agree that, whether or not correct, the same analysis governs the interplay between section 186.22(a) and section 12025(b)(3), which elevates the misdemeanor offense of carrying a concealed firearm on one's person to a felony if committed by "an active participant in a criminal street gang, as defined in subdivision (a) of Section 186.22." (§ 12025(b)(3); see maj. opn., *ante,* at p. 523.) Accordingly, both the court's analysis and my alternative analysis of section 12031(a)(2)(C) apply to the identical language set forth in section 12025(b)(3).

## II.

In this case, the evidence showed that defendant was an active member of a criminal street gang, and that he was in a rival gang's territory with a concealed and loaded gun shortly before he was arrested. (See maj. opn., *ante,* at p. 520.) Despite the express legislative desire to stem criminal street gang violence and to severely punish armed, active gang participants such as defendant, faithful application of the statutory analysis adopted in *Robles,*

*supra*, 23 Cal.4th 1106, means that, without evidence of separate felonious conduct, defendant can receive no harsher punishment for his two firearm offenses than any ordinary member of the public with no gang ties whatsoever.

Accepting *Robles* as our court's interpretation of section 12031(a)(2)(C), and by extension section 12025(b)(3), I reluctantly agree that defendant's felony firearm convictions must be reversed due to erroneous instruction.

Corrigan, J., concurred.