CHIN, J., Dissenting.
Whether defendant may be punished separately for the crime of active participation in a criminal street gang is a close question, as the sharp division within the Courts of Appeal indicates. (See People v. Sanchez (2009) 179 Cal.App.4th 1297, 1309-1316 [101 Cal.Rptr.3d 639] [separate punishment prohibited]; People v. Vu (2006) 143 Cal.App.4th 1009, 1032-1034 [49 Cal.Rptr.3d 765] [separate punishment prohibited]; People v. Ferraez (2003) 112 Cal.App.4th 925, 935 [5 Cal.Rptr.3d 640] [separate punishment permitted]; In re Jose P. (2003) 106 Cal.App.4th 458, 468^-71 [130 Cal.Rptr.2d 810] [separate punishment permitted]; People v. Herrera (1999) 70 Cal.App.4th 1456, 1465-1468 [83 Cal.Rptr.2d 307] [separate punishment permitted].) The Court of Appeal here agreed with the decisions permitting separate punishment, as do I. Accordingly, I would affirm the judgment of the Court of Appeal.
In 1988, the Legislature enacted the California Street Terrorism Enforcement and Prevention Act (the STEP Act). (Pen. Code, § 186.20 et seq.; all statutory references are to the Penal Code.) It found and declared “that it is the right of every person ... to be secure and protected from fear, intimidation, and physical harm caused by the activities of violent groups and individuals. .. .[][].. . [T]he State of California is in a state of crisis which has been caused by violent street gangs whose members threaten, terrorize, and commit a multitude of crimes against the peaceful citizens of their neighborhoods. These activities, both individually and collectively, present a clear and present danger to public order and safety and are not constitutionally protected. ... It is the intent of the Legislature in enacting this chapter to seek the eradication of criminal activity by street gangs by focusing upon patterns of criminal gang activity and upon the organized nature of street gangs, which together, are the chief source of terror created by street gangs.” (§ 186.21.)
In accordance with these findings, section 186.22, subdivision (a), part of the STEP Act, punishes “[a]ny person who actively participates in any criminal street gang with knowledge that its members engage in or have engaged in a pattern of criminal gang activity, and who willfully promotes, *202 furthers, or assists in any felonious criminal conduct by members of that gang.” The elements of this crime are (1) active participation in a criminal street gang, in the sense of participation that is more than nominal or passive; (2) knowledge that the gang’s members engage in or have engaged in a pattern of criminal gang activity; and (3) the willful promotion, furtherance, or assistance in any felonious criminal conduct by members of that gang. (People v. Lamas (2007) 42 Cal.4th 516, 523 [67 Cal.Rptr.3d 179, 169 P.3d 102].)
The jury found defendant guilty of the gang crime as to each shooting incident. To satisfy the requirement that defendant promoted, furthered, or assisted felonious conduct by gang members, the court instructed the jury it could consider defendant’s commission of the underlying crimes of assault with a firearm and being a felon in possession of a firearm. Accordingly, evidence of the underlying assaults and defendant’s being a felon in possession of a firearm helped prove the gang crimes. The question before us is whether the trial court properly punished defendant separately for the gang crimes in addition to the other substantive crimes.[1]
Subdivision (a) of section 654 provides, as relevant: “An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision.” Defendant argues, and the majority concludes, that because, on each occasion, the act of shooting the victim helped prove both the assault and the gang crime, section 654 prohibits punishing him for both crimes.
As did the Court of Appeal, I find persuasive the reasoning of People v. Herrera, supra, 70 Cal.App.4th 1456. “Section 186.22, subdivision (a) punishes active gang participation where the defendant promotes or assists in felonious conduct by the gang. It is a substantive offense whose gravamen is the participation in the gang itself. Hence, under section 186.22, subdivision (a) the defendant must necessarily have the intent and objective to actively participate in a criminal street gang. . . . [S]ection 186.22, subdivision (a) requires a separate intent and objective from the underlying felony committed on behalf of the gang. The perpetrator of the underlying crime may thus possess ‘two independent, even if simultaneous, objectives[,]’ thereby precluding application of section 654.” (Id. at pp. 1467-1468, fns. omitted.)
*203 Defendant’s punishment for the gang crimes is not for the act of shooting the victims or possessing a firearm but for participating in a criminal street gang. The other crimes were used to satisfy one element of the gang crime (to show defendant promoted criminal gang activity), but were not the gang crime itself. Although there is some overlap in the elements of the crimes, the gravamen of the criminal acts is different. On each occasion, two separate acts are being punished—(1) a specific assault (or possession of a firearm), and (2) participation in a criminal street gang—not one act “that is punishable in different ways by different provisions of law.” (§ 654.)
The shootings themselves harmed Ghalen White and Alvin Pierre, the victims of those shootings. That defendant shot them to further criminal street gang activity additionally harmed, as the Legislature put it, “the peaceful citizens of their neighborhood[].” (§ 186.21.) I agree with the Court of Appeal that “the shootings were intended to both harm the individual victims and to demonstrate to the entire community the power of [defendant’s] gang,” and thus that section 654 does not prohibit punishing defendant “both for the broader crimes of instilling terror in a community by way of the multiple acts of his gang and the distinct and more grievous crimes of wounding [White] and Pierre.”
People v. Sanchez, supra, 179 Cal.App.4th 1297, the case finding multiple punishment prohibited that contains the most complete analysis, analogized the situation here with the rule that a defendant may not be punished for both a felony murder and the underlying felony. (Id. at pp. 1315-1316, citing People v. Mulqueen (1970) 9 Cal.App.3d 532, 542-543 [88 Cal.Rptr. 235]; but see People v. Osband (1996) 13 Cal.4th 622, 730-731 [55 Cal.Rptr.2d 26, 919 P.2d 640].) I agree with the Court of Appeal’s rejection of this reasoning in this case: “In a felony-murder case where there is only one victim, the element of malice is found by way of the fact the homicide occurred during the commission of a dangerous felony. Where the underlying felony is robbery, there is but one act, ‘the act of robbery . . . which made the homicide first degree murder.’ (People v. Mulqueen[, supra, at p.] 547.) Multiple punishment is not permissible under those circumstances because there was only one act and more importantly only one criminal objective. (Ibid.) [][] [Defendant’s] culpability under the [STEP] Act is quite different. Violation of section 186.22, subdivision (a), does not depend solely on the commission of the underlying offense. Rather, it depends on both the commission of the underlying offense and the separate act of actively participating in a gang. Thus, unlike felony murder, liability under section 186.22, subdivision (a), necessarily depends on conduct distinct from the conduct which gives rise to liability for any underlying offense.”
*204 The Court of Appeal explained that the shootings, part of defendant’s active participation in a criminal street gang, terrorized others in the neighborhood. “It is that terror which the Legislature expressly addressed in section 186.21. In this sense, separate punishment under section 186.22 is far closer to the well-recognized exception to section 654 which permits multiple punishment when a defendant’s conduct has injured more than one victim than it is to the felony-murder rule, relied upon by the court in People v. Sanchez[, supra, 179 Cal.App.4th 1297].”
The majority cites In re M.S. (1995) 10 Cal.4th 698 [42 Cal.Rptr.2d 355, 896 P.2d 1365], a case that does not involve the gang crime. I am not arguing, nor did the Court of Appeal conclude, that the Legislature somehow impliedly repealed section 654. I am arguing that active participation in a criminal street gang, which, as the Legislature declared when it created the crime, victimizes the neighborhood, is not the same act as the assaults. The fact that the crimes have different victims strongly supports this argument. In re M.S. says nothing to the contrary.
For these reasons, I would conclude that section 654 does not prohibit punishing defendant both for the assaults on the individual victims and for the gang crimes that targeted the neighborhood. I would disapprove People v. Sanchez, supra, 179 Cal.App.4th 1297, and People v. Vu, supra, 143 Cal.App.4th 1009, to the extent they are inconsistent with this view.
Kennard, 1, and Baxter, J., concurred.

 As the majority notes, the trial court also imposed the sentence enhancement under section 186.22, subdivision (b)(1). Whether the court properly imposed sentences for both the gang crime and the gang enhancement is not before us, and I express no opinion on that question.