Filed 5/9/13  P. v. Bryant CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B245100 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA117610) |
| v. | |
| AMEEN ALI BRYANT, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Raul A. Sahagun, Judge.  Affirmed.

Jennifer M. Hansen, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Following a jury trial, defendant and appellant Ameen Ali Bryant was convicted in count 6 of participation in a criminal street gang (Pen. Code, § 186.22, subd. (a)),[1] with a finding that a principle was armed with a firearm in the commission of the offense (§ 12022, subd. (a)(1)). The jury was unable to reach verdicts on two counts of robbery (§ 211). In return for an agreed upon concurrent sentence of two years in state prison, defendant entered a plea of no contest to one count of robbery. The trial court, in compliance with the agreement, sentenced defendant to concurrent two-year terms in state prison and struck the armed allegation in count 6.

Defendant filed a timely notice of appeal, specifically stating his intent to challenge the conviction in count 6. This court appointed counsel to represent defendant on appeal. On March 27, 2013, appointed counsel filed a brief raising no issues and requesting this court to review the record independently for arguable appellate contentions pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

Defendant was advised of his right to file a supplemental brief. After being granted an extension of time, defendant filed a letter brief arguing he is not a gang member, has never been a gang member, and the tattoos he has are not gang-related. He further contends he was coerced into pleading no contest to the robbery and only did so to get out of custody, where he was being "attacked and harassed."

1. *Sufficiency of the Evidence of Gang Participation*

Defendant argues the evidence is insufficient to support the conviction of being an active participate in a criminal street gang. We disagree.

---

[1]    All statutory references are to the Penal Code, unless otherwise stated.

**a.** *Standard of Review and Elements of the Offense*

"When we review a challenge to the sufficiency of the evidence to support a conviction we apply the substantial evidence standard. Under that standard the reviewing court examines the entire record to determine whether or not there is substantial evidence from which a reasonable jury could find beyond a reasonable doubt that the crime has been committed. In reviewing that evidence the appellate court does not make credibility determinations and draws all reasonable inferences in favor of the trial court's decision. We do not weigh the evidence but rather ask whether there is sufficient reasonable credible evidence of solid value that would support the conviction. (*People v. Johnson* (1980) 26 Cal.3d 557, 576–578.)" (*People v. Russell* (2010) 187 Cal.App.4th 981, 987-988.)

Section 186.22, subdivision (a), punishes "[a]ny person who actively participates in any criminal street gang with knowledge that its members engage in or have engaged in a pattern of criminal gang activity, and who willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang . . . ." "The elements of the gang participation offense in section 186.22(a) are: First, active participation in a criminal street gang, in the sense of participation that is more than nominal or passive; second, knowledge that the gang's members engage in or have engaged in a pattern of criminal gang activity; and third, the willful promotion, furtherance, or assistance in any felonious criminal conduct by members of that gang. (*People v. Lamas* (2007) 42 Cal.4th 516, 523 (*Lamas*).)" (*People v. Rodriguez* (2012) 55 Cal.4th 1125, 1130.)

**b.** *Facts Supporting the Gang Offense*

The prosecution presented evidence of a series of robberies and an attempted robbery committed by various members of the Avalon Garden Crips, the gang of defendant and codefendant Adrian Deon Hunter. Defendant was charged in two of those robberies. Officer Keith Soboleski testified to his investigation of three robberies and

3

one attempted robbery taking place on September 28, 2010. There were two participants depicted in videos in each offense—one wearing a black hoodie and the other in a gray hoodie. He spoke to Detective Armando Leyva at the Southeast Division of the Los Angeles Police Department, who identified the two as members of the Avalon Garden Crips gang.

Detective Leyva, a gang expert familiar with the Avalon Garden Crips, testified to the gang signs, the area of the gang, and the member's common attire. He knew defendant as a gang member from prior arrests. Defendant had a moniker of "Tiny Mac Manson." Defendant had no tattoos when arrested by Detective Leyva, but by the time of trial he had an "A" by his right eye and an "M" by his left eye. The detective believed the "M" could represent the Most Wanted Gangster clique of the gang. Detective Leyva knew codefendant Hunter to be an Avalon Garden Crip member. He testified to other qualifying offenses committed by members of the gang and opined the robberies were committed for the benefit of the gang by raising necessary funds and intimidating the community through violence, which enhanced the gang's stature.

### c. *Analysis*

Viewing the evidence in the light most favorable to the judgment, there is substantial evidence to support the conviction in count 6. Defendant was an active gang member, as established by Detective Leyva and corroborated by the gang tattoos on his face. Defendant was aware of the gang's criminal activities, in that there was evidence of his participation in robberies. His active participation assisted other gang members in their felonious activities. While the jury could have drawn other inferences from the evidence, it chose not to do so, and the jury's finding in count 6 is based on credible evidence of solid value.

**2. *Challenge to the Validity of the No Contest Plea***

Defendant's contention that he was coerced into entering the no contest plea is not substantiated by the record on appeal. Our review on direct appeal is limited to matters in the appellate record. That record contains no suggestion of coercion in securing the plea, nor does it contain evidence that events in the county jail played any role in defendant's decision to resolve the case. What the record does demonstrate is that defendant, already facing up to four years in state prison as a result of his conviction in count 6, minimized his losses by resolving the robbery charges that remained after the hung jury on exceptionally favorable terms that minimized his exposure to punishment and secured an immediate release from custody. Having failed to establish error based on the record on appeal, we reject defendant's challenge to his plea. (Cal. Const., art. VI, § 13.)

**3. *Independent Review of the Record***

We have completed our independent review of the record. There are no arguable issues overlooked by appointed counsel. The judgment is affirmed. (*Smith v. Robbins* (2000) 528 U.S. 259.)

KRIEGLER, J.

We concur:

TURNER, P. J.                                             MOSK, J.

5