Filed 1/9/15  P. v. Aguilar CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060129 |
| v. | (Super.Ct.No. FVI1102581) |
| CARLOS ANTONIO AGUILAR, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  John M. Tomberlin, Judge.  Affirmed in part, reversed in part.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, William M. Wood and Brendon W. Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant Carlos Aguilar is serving 18 years and 8 months in prison for an incident in which he took a man's car at gunpoint. In this appeal, defendant argues, the People concede, and this court agrees, that his conviction for participation in a criminal street gang is supported by insufficient evidence because the People did not establish that he committed the assault in conjunction with another gang member. Specifically, the People did not prove that the other person present during the crimes was a member of defendant's gang. For this reason, we reverse the conviction for participation in a criminal street gang.

### FACTS AND PROCEDURE

On October 30, 2011, defendant was a passenger in a car driven by Danielle Boyd. Boyd had borrowed the car the previous day from her long-time friend, the victim Joseph Bane, but had not returned it as promised. Boyd had also failed to answer Bane's telephone calls and texts.

Boyd and defendant drove up to Bane while he was at a friend's house. Bane demanded the keys and Boyd returned them. At some point during this conversation, Boyd asked if Bane would give her and defendant a ride to Oro Grande. Bane agreed reluctantly. He did not want to give them a ride, but he did not want to leave them stranded. Bane drove the car while defendant remained in the front passenger seat and Boyd sat in the back.

Bane stopped the car at a market at Boyd's request. Defendant and Boyd went into the market. When they came out, they asked if Bane could give a ride to a man later

2

identified as Raymond Smalley.  Again, Bane agreed.  Smalley got into the back seat with Boyd.

When they arrived at Smalley's home, Bane turned off the ignition and Smalley got out of the car and went inside his home.  Smalley testified that at this time he noticed a gun in defendant's hand, but did not say anything about it.  After Smalley went inside his home, Boyd reached forward and tried to take the car keys from Bane.  As the two struggled over the keys, defendant hit Bane in the temple three times with his .38-caliber revolver, causing Bane to bleed, and then hit him with the gun twice again in the face.

Defendant told Bane to get out of the car and to give defendant his cell phone. When Bane told defendant he had left his phone in the car, defendant became very angry and punched Bane in the face four times.  Defendant twice put his gun inside Bane's mouth and then jabbed it into Bane's nose.  Bane told defendant to just kill him.  At that point, defendant and Boyd got back into the car, with Boyd driving, and drove away. After watching the car drive off, Bane ran away.  A few seconds later, Bane heard a gunshot.  He did not know if the bullet was meant for him.

Police found Bane's car four days later abandoned in a dry riverbed near Oro Grande, wiped clean of fingerprints, and with two sets of footprints leading away from the car.

3

At some point, Boyd pled guilty to attempting to unlawfully drive or take a vehicle (Pen. Code, § 664; Veh. Code, § 10851) with a gang enhancement (§ 186.22, subd. (b)(1))[1].

On March 4, 2013, the People filed a second amended information charging defendant with carjacking (count one—§ 215, subd. (a)), assault with a firearm (count two—§ 245, subd. (a)(2)), participation in a criminal street gang (count three—§ 186.22, subd. (a)), and firearm possession by a felon (count four—§ 29800, subd. (a)).[2] The People further alleged that defendant personally and intentionally discharged a firearm when committing count one (§ 12022.53, subds. (b) and (c)), personally used a firearm when committing count two (§ 12022.5, subd. (a)), and committed counts one, two and four for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)). The People also alleged defendant had four prior prison term convictions (§ 667.5, subd. (b)).

The jury heard testimony that, while incarcerated in 2006, defendant claimed to be a former member of the Oro Grande gang, but did not request protective custody. The lack of such a request would be unusual, because former gang members would be targeted while in custody. The jury also heard testimony that, while incarcerated in 2009, defendant claimed to be a current member of the Oro Grande gang. At the time of trial,

---

[1] Section 186.22, subdivision (b)(1), requires that a defendant commit a felony "for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members . . ."

[2] All section references are to the Penal Code unless otherwise indicated.

defendant had a tattoo of the word "Oro" on his body. A gang expert testified that it was his opinion that defendant was presently an active member of the Oro Grande gang.

On March 7, 2013, the jury acquitted defendant of the carjacking, but convicted him of counts two, three and four, and found true only the personal use of a firearm enhancement regarding count two.

On June 12, 2013, defendant filed a motion for new trial. Defendant argued: (1) the jury should have been instructed, pursuant to *People v. Rodriguez* (2012) 55 Cal.4th 1125 (*Rodriguez*), that a gang member cannot be convicted of participation in a criminal street gang unless he acts in concert with another gang member; and (2) the People presented no evidence to show that Boyd was a member of the Oro Grande gang. The People opposed the motion and the trial court denied it on October 4, 2013, telling defense counsel, "I appreciate your position and I think that your well-reasoned argument is just not supported by the prevailing legislation and the case law."

On November 22, 2013, the trial court found true that defendant had four prior prison term convictions. The court then sentenced defendant to 18 years and eight months in prison, as follows: the upper term of four years for the assault, plus the upper term of 10 years for the personal use of a firearm enhancement, plus eight months for participating in a criminal street gang, plus one year for each of the prison term priors. The court also imposed two years for the firearm possession by a felon, but stayed it pursuant to section 654.

This appeal followed.

## DISCUSSION

Defendant argues we should reverse his conviction for participating in a criminal street gang under section 186.22, subdivision (a), because the evidence is insufficient to prove beyond a reasonable doubt that he committed the assault with a firearm in conjunction with another member of his gang, as required under *Rodriguez*.

"In deciding the sufficiency of the evidence, we ask whether '"after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."' [Citation.] Conflicts and even testimony which is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends. [Citation.] We resolve neither credibility issues nor evidentiary conflicts; we look for substantial evidence. [Citation.]" (*People v. Maury* (2003) 30 Cal.4th 342, 403 (*Maury*).)

Section 186.22, subdivision (a) defines the crime as follows: "Any person who actively participates in any criminal street gang with knowledge that its members engage in or have engaged in a pattern of criminal gang activity, and who willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang, shall be punished by imprisonment in a county jail for a period not to exceed one year, or by imprisonment in the state prison for 16 months, or two or three years."

6

"The substantive offense defined in section 186.22[, subdivision](a) has three elements. Active participation in a criminal street gang, in the sense of participation that is more than nominal or passive, is the first element of the substantive offense defined in section 186.22[, subdivision](a). The second element is 'knowledge that [the gang's] members engage in or have engaged in a pattern of criminal gang activity,' and the third element is that the person 'willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang.' [Citation.]" (*People v. Lamas* (2007) 42 Cal.4th 516, 523.)

The California Supreme Court has held that the third element of the offense is not satisfied when a gang member commits a felony while acting without another member of his gang. (*Rodriguez, supra,* 55 Cal.4th 1125.) The word "members," as the Supreme Court explained, "is a plural noun." (*Id*. at p. 1132.) "Therefore, to satisfy the third element, a defendant must willfully advance, encourage, contribute to, or help *members* of his gang commit felonious criminal conduct. The plain meaning of section 186.22[, subdivision](a) requires that felonious criminal conduct be committed by at least two gang members, one of whom can include the defendant if he is a gang member." (*Ibid.*) The felonious criminal conduct referred to in the statute must be committed "'by members of that gang.'" (*Id.* at p. 1131.)

Here, the only other person present during the assault with a firearm was Boyd. Therefore, we examine the evidence presented at trial to determine whether it was sufficient to establish beyond a reasonable doubt, to any rational trier of fact, that Boyd

7

was also a member of the Oro Grande gang. The jury never heard testimony nor saw any documentary evidence that Boyd was a member of the Oro Grande gang. First, Boyd did not testify at trial that she was a gang member at all, much less a member of the Oro Grande gang. When the prosecutor cross-examined Boyd, she asked Boyd whether Boyd had pled guilty to attempted unlawful taking of a vehicle, to which Boyd answered "Yes." However, when asked whether the plea included a "gang enhancement," Boyd answered "I'm not sure. All I know is I have a strike or something. I'm not sure what that entails." The prosecutor did not inquire further. Second, the People's gang expert did not testify that Boyd was a member of the Oro Grande gang. The gang expert did answer "yes" when asked "Are you familiar with [Boyd's] conviction for attempted unlawful taking of a motor vehicle with a gang enhancement?" However, there was no discussion whatsoever of Boyd being a member of the Oro Grande gang. In addition, as the People point out, one need not be a gang member or associate to commit an act for the benefit of, in association with, or at the direction of a street gang under section 186.22, subdivision (b)(1) (*People v. Valdez* (1997) 58 Cal.App.4th 494, 505), and therefore this testimony was not sufficient to establish Boyd's membership in the Oro Grande gang.

## DISPOSITION

Defendant's conviction for participation in a criminal street gang (§ 186.22, subd. (a)) is reversed. The trial court is directed to modify defendant's sentence accordingly and deliver a certified copy of an amended minute order and amended abstract of

judgment, each reflecting the modification of the sentence, to the Department of

Corrections and Rehabilitation.  In all other respects the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

GAUT
J.*

We concur:

RAMIREZ
P. J.

KING
J.

---

* Retired Associate Justice of the Court of Appeal, Fourth Appellate District, Division Two, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9