Filed 4/28/16  P. v. Hosein CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>AZEEM HOSEIN,<br><br>    Defendant and Appellant. | C078668<br><br>(Super. Ct. No. 14F05248) |

Defendant Azeem Hosein was charged with assault with intent to commit oral copulation with an enhancement for being armed with a deadly weapon and felony false imprisonment with an enhancement for using a deadly weapon.  A jury found him guilty of both counts and found both enhancement allegations to be true, but the jury was erroneously instructed that the enhancements on both charges were *arming* enhancements instead of being instructed that the enhancement on the false imprisonment charge was a *use* enhancement.  This error extended to the verdict forms.

1

On appeal, defendant argues that the sentence for the enhancement attached to the false imprisonment charge should be stricken because the instructional error was not harmless beyond a reasonable doubt. We agree and will reverse the sentence enhancement.

FACTUAL AND PROCEDURAL BACKGROUND

On July 30, 2014, the victim, a homeless woman, was in a public bathroom at a park when a man entered the bathroom. The victim testified that the man entered the bathroom stall she occupied, put a folding knife up to her side, then her neck, and told her she was going to perform oral sex on him. The victim could feel the knife point in her side. The victim screamed for help and the man left the bathroom. The victim ran out of the bathroom and yelled for someone to call the police. A woman heard her and did. Then the man returned to the bathroom, forced the victim into a bathroom stall, and began to choke her. He repeated his earlier statements and at some point hit the victim on the head with his knife, which was closed at the time.

Park Ranger John Rice arrived at the park in response to a police call, heard the victim screaming for help, and entered the bathroom. Ranger Rice ordered defendant out of the bathroom stall and apprehended him. Defendant did not have a knife in his hands when apprehended. Afterwards, Ranger Rice found a pocketknife in the stall amongst other items.

Officer Gina Truesdale of the Sacramento Police Department arrived shortly after receiving a call about a woman screaming for help in the park bathroom. Officer Truesdale testified that during her conversation with the victim there were indications that the victim might have trouble recollecting events. Officer Truesdale did not notice any visible injuries to the victim. She offered medical assistance to the victim, but the victim declined. Instead, the victim checked herself into a mental hospital.

The victim has a history of mental health issues, including bipolar and schizoaffective borderline personality disorders. The victim testified that on the day of

the attack she smoked marijuana and took prescription drugs for mental health, the combination of which can affect her memory.

Defendant was charged with assault with intent to commit oral copulation with an enhancement for being armed with a deadly weapon,[1] and felony false imprisonment with an enhancement for using a deadly weapon.[2] At trial, the jury was instructed on the elements of being *armed* with a deadly weapon in the commission of a crime via CALCRIM No. 3130, but the jury was *not* instructed on the elements of personally *using* a deadly weapon in the commission of a crime, which is usually done with CALCRIM No. 3145. It appears from the record that the parties and the judge *thought* the use enhancement alleged in connection with the false imprisonment charge was actually an arming enhancement. Indeed, the court instructed the jury on the arming enhancement for both counts and the jury verdict forms for both counts contained the arming enhancement language.

The jury found defendant guilty on both counts and found the arming enhancement allegations true for both counts, even though the charged enhancement on the false imprisonment charge was actually a use enhancement. The trial court sentenced defendant to 23 years and eight months in prison, which included a four-month consecutive term for the enhancement on the false imprisonment charge. Defendant timely appealed.

DISCUSSION

Defendant argues that the sentence for the use enhancement attached to the false imprisonment charge should be stricken because the jury did not find that he personally

---

[1] This arming enhancement, which applies only to certain sex offenses, provided for an additional term of one, two, or five years. (Pen. Code, § 12022.3, subd. (b).)

[2] The use enhancement provided for an additional term of one year. (Pen. Code, § 12022, subd. (b)(1).)

used a deadly weapon during the commission of that offense and the instructional error was not harmless. As explained above, because everyone was mistaken about the enhancement attached to the false imprisonment charge, the jury was instructed only on the arming enhancement, not on the use enhancement. The People concede the instructional error but argue the error was harmless beyond a reasonable doubt. We agree with defendant that it was not.

"An instructional error that improperly describes or omits an element of the crime from the jury's consideration is subject to the 'harmless error' standard of review set forth in *Chapman v. California* (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705 87 S.Ct. 824]." (*People v. Lamas* (2007) 42 Cal.4th 516, 526.) [3]

Under the *Chapman* harmless-error standard, we must " 'conduct a thorough examination of the record. If, at the end of that examination, the court cannot conclude beyond a reasonable doubt that the jury verdict would have been the same absent the error--for example, where the defendant contested the omitted element and raised evidence sufficient to support a contrary finding--it should not find the error harmless.' [Citation.] On the other hand, instructional error is harmless 'where a reviewing court concludes beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence.' [Citations.] Our task, then, is to determine 'whether the record contains evidence that could rationally lead to a contrary finding with

---

[3]  While there could be an argument that the failure to instruct on the use enhancement is akin to failing to instruct on all the elements of a charged crime, which might call for the use of a reversible per se standard (see, e.g., *People v. Cummings* (1993) 4 Cal.4th 1233, 1315 [harmless error analysis may not be applied "to instructional error which withdraws from jury consideration substantially all of the elements of an offense and did not require by other instructions that the jury find the existence of the facts necessary to a conclusion that the omitted element had been proved"]), defendant does not make that argument here and, in any event, we conclude the error was not harmless under the lesser *Chapman* standard, which both parties have agreed applies in this case.

respect to the omitted element.' " (*People v. Mil* (2012) 53 Cal.4th 400, 417.) If the defendant contested the omitted element and the record supports a reasonable doubt as to that element, we must reverse. (*Ibid.*)

The People argue that if the jury had been properly instructed on use of a deadly weapon, then it would have found the use allegation true beyond a reasonable doubt. Pointing to the fact that the jury credited the victim's testimony regarding the substantive crimes and the arming enhancement, the People argue that the jury, if properly instructed, also would have found the use allegation true based on the victim's testimony about defendant holding the knife up to her ribs and neck and hitting her on the head. While it is *possible* the jury might have found the allegation true on that basis, we are not persuaded *beyond a reasonable doubt* that the jury would have come to that conclusion if properly instructed. Just because the jury credited the victim's testimony with regard to the substantive offenses does not necessarily mean the jurors would have done so with respect to the use of the knife. After examining the record, we conclude there is " 'evidence that could rationally lead to a contrary finding,' " that is, a reasonable doubt with respect to the use allegation. (*People v. Mil*, *supra*, 53 Cal.4th at p. 417.)

That evidence includes the following: defendant offered evidence questioning the victim's credibility and her recollection of the events. Specifically, the victim testified that defendant held a knife to her ribs and neck and hit her on the head several times, but Officer Truesdale did not observe any visible injuries on the victim and the victim declined medical care after the incident. There was also evidence the victim has a history of mental health issues that could potentially affect her recollection of specific details of events. Indeed, the victim testified that on the day of the attack she smoked marijuana and took prescription medication, the combination of which she admitted can affect her memory. Officer Truesdale testified that during her interactions with the victim it appeared to her that the victim had a hard time recollecting events. Additionally, Ranger Rice did not see a knife in defendant's hands at any point; rather, it was found later on the

floor in the bathroom stall with other items. In light of the evidence in the record, we " 'cannot conclude beyond a reasonable doubt that the jury verdict would have been the same absent the error.' " (*People v. Mil*, *supra*, 53 Cal.4th at p. 417.) Stated another way, just because the jury believed that defendant committed the substantive crimes while armed with a knife does not persuade us beyond a reasonable doubt, in light of the evidence described above, that the jury would have found that defendant *used* the knife while committing the offense of false imprisonment, had the jury been properly instructed on the use enhancement. Accordingly, the sentence on the enhancement attached to the false imprisonment charge must be reversed.

## DISPOSITION

The four-month consecutive term imposed for the enhancement on the false imprisonment charge is reversed, but the remainder of the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment and forward a copy to the Department of Corrections and Rehabilitation.


/s/
Robie, Acting P. J.


We concur:


/s/
Butz, J.


/s/
Hoch, J.


6