[No. F060915. Fifth Dist. July 14, 2011.]

In re JORGE P., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
JORGE P., Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts I., II., IV., and V. of the Discussion.

## COUNSEL

Rex Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Charles A. French and Tia M. Coronado, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**FRANSON, J.**—Appellant Jorge P., an admitted gang member, was riding in the front passenger seat of a car with two other known gang members when they were pulled over by police. A police officer discovered a gun in plain sight on the rear left passenger floorboard. Appellant appeals from the juvenile court's true findings that he (1) carried a loaded firearm in a vehicle (Pen. Code, § 12031, subd. (a)(1); hereafter section 12031(a)(1))[1] as an active participant in a criminal street gang (§ 12031, subd. (a)(2)(C); hereafter section 12031(a)(2)(C)), and (2) was a minor in possession of a firearm (§ 12101, subd. (a)(1); hereafter section 12101(a)(1)). For the reasons that follow, we remand the matter to the juvenile court. In the published portion of this opinion, we conclude section 12031(a)(2)(C) requires proof of felonious conduct separate and distinct from the conduct supporting a section 12031(a)(1) allegation, notwithstanding the possibility the section 12031(a)(1) conduct can support multiple offense allegations. In the unpublished portion, we address appellant's claims of insufficient evidence, clerical error, and sentencing error.

## FACTUAL AND PROCEDURAL HISTORY

Appellant was a known active member of the Loco Park clique of the Sureño criminal street gang. Officer Dwight Brumley, a member of the Gang

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

Suppression Unit of the Visalia Police Department, had prior contacts with appellant and knew appellant was on probation with gang conditions. While on routine patrol on May 8, 2010, Officer Brumley noticed appellant sitting in the front passenger seat of a Mustang. Two other known gang members from the Loco Park clique were also in the car, one in the driver's seat, one in the right rear passenger seat. Officer Brumley initiated a traffic stop and the Mustang pulled over to the side of the road.

As Officer Brumley approached the driver's side of the car, he heard a thud that sounded like something metal or heavy hitting the floor. He had the occupants step out of the car. When the driver got out of the car, Officer Brumley saw a chrome handgun with an ivory handle in plain view on the floorboard of the unoccupied left rear passenger seat. The handgun was accessible to appellant from where he was seated in the car. Officer Brumley later determined it was a .25-caliber Sundance Boa semiautomatic handgun in apparent working condition, with two live rounds in the magazine, but none in the chamber. Appellant and his associates were transported to the police station.

Officer Daniel Ford questioned appellant at the police station, asking him if he knew the gun was in the car. Appellant initially denied knowing the gun was in the car. The officer believed he was lying based on his experience in the gang suppression unit and knowledge that as a matter of course gang members inform everyone in a car if a gun is present so those on probation or parole can make informed decisions about violating their conditions of release. Appellant confirmed this practice was true and admitted knowing the gun was in the car.

The petition charged appellant with three counts: (1) carrying a loaded firearm in a vehicle (§ 12031(a)(1)) with a further allegation of being an active participant in a criminal street gang (§ 12031(a)(2)(C)); (2) being a minor in possession of a concealable weapon (§ 12101(a)(1)); and (3) active participation in a criminal street gang (§ 186.22 subd. (a); hereafter section 186.22(a)). The petition also charged for each of counts 1 and 2 a special gang allegation under section 186.22, subdivision (b)(1)(A) (hereafter section 186.22(b)(1)(A)), which is a sentencing enhancement. The parties raise no issues as to these special enhancement allegations.

After a contested jurisdictional hearing, the juvenile court found true the allegations of counts 1 and 2, and the associated special gang enhancement allegations under section 186.22(b)(1)(A). The juvenile court adopted the recommendations of the probation department and sentenced appellant to 365 days in the youth facility boot camp program, and set the maximum time of confinement for the current offenses at seven years, constituting a three-year

upper term for count 2 (minor in possession) with a four-year upper term sentence enhancement for the special gang allegation under section 186.22(b)(1)(A). The court stayed the sentence on count 1 (carrying a loaded weapon) pursuant to section 654. The court set the aggregate maximum time of confinement for all prior and current sustained petitions at 11 years 10 months, less time served.

On appeal, appellant raises several disparate issues.

## DISCUSSION

I., II.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

III. *Felonious Conduct Supporting Section 12031(a)(2)(C) Must Be Distinct From the Misdemeanor Conduct Underlying a Section 12031(a)(1) Offense*

The third issue appellant raises involves a complicated interplay between several statutes. Appellant asserts the juvenile court's felony finding of his section 12031(a)(1) offense in count 1 must be reduced to a misdemeanor because the prosecution failed to prove appellant engaged in "felonious criminal conduct" for purposes of the section 12031(a)(2)(C) gang allegation. The gang allegation elevates the otherwise misdemeanor section 12031(a)(1) offense to a felony. (§ 12031(a)(2)(C).)

Respondent contends the true finding of the felony allegation of count 2—section 12101(a)(1) (minor in possession of a concealable weapon)—constitutes the felonious conduct to support the section 12031(a)(2)(C) gang allegation. Section 12101(a)(1), however, is a "wobbler" offense, punishable either as a misdemeanor or a felony, at the court's discretion. (§ 12101(c)(1)(C); see also *Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 902 [135 Cal.Rptr.2d 30, 69 P.3d 951].) The trial court here failed to declare the section 12101(a)(1) offense a felony, in violation of California Rules of Court, rule 5.780(e)(5). As outlined below, this issue is remanded to the juvenile court for further determination as to whether the section 12101(a)(1) offense is a felony or misdemeanor.

Appellant, while conceding (perhaps prematurely) that the section 12101(a)(1) offense is a felony, argues his *conduct* underlies two *offenses*, but there was no *distinct* felonious conduct as between the two offenses. In other

---

*See footnote, *ante*, page 628.

words, he asserts we should differentiate felonious *conduct* from felonious *offenses*. For the sake of judicial economy, we address this contention, notwithstanding the possibility that upon remand, the juvenile court finds the section 12101(a)(1) offense to be a misdemeanor. As outlined below, we agree with appellant the "felonious criminal conduct" requirement requires felonious conduct distinct from the misdemeanor gun possession conduct relied upon here, and thus reduce count 1 from a felony to a misdemeanor.

### A. "*Conduct*" *Is Not Synonymous with* "*Offense*"

Section 12031(a)(1) states in pertinent part: "A person is guilty of carrying a loaded firearm when he or she carries a loaded firearm on his or her person or in a vehicle while in any public place or on any public street . . . ." As we discussed in the unpublished portion of the opinion, substantial evidence supports the finding appellant committed this offense.

Section 12031(a)(2) states in pertinent part: "Carrying a loaded firearm in violation of this section is punishable, as follows: [¶] . . . [¶] (C) Where the person is an active participant in a criminal street gang, as defined in [section 186.22(a)] . . . as a felony."

Section 186.22(a) states in pertinent part: "Any person who actively participates in any criminal street gang with knowledge that its members engage in or have engaged in a pattern of criminal gang activity, and who willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang, shall be punished . . . ."[4]

■ Our Supreme Court has interpreted section 12031(a)(2)(C) to require proof of all the elements of section 186.22(a), holding that "carrying a loaded firearm in public becomes a felony under section 12031(a)(2)(C) when a defendant satisfies the elements of the offense described in section 186.22(a)" by " 'actively participat[ing] in any criminal street gang with knowledge that its members engage in or have engaged in a pattern of criminal gang activity' and 'willfully promot[ing], further[ing], or assist[ing] in any felonious crimi-nal conduct by members of that gang.' (§ 186.22(a).)" (*Robles, supra*, 23 Cal.4th at p. 1115.)

More recently, our Supreme Court further clarified the process in perform-ing a section 12031(a)(2)(C) analysis, concluding "*all* of section 186.22(a)'s elements must be satisfied, including that defendant willfully promoted, furthered, or assisted felonious conduct by his fellow gang members *before*

---

[4] Section 186.22(a) is a substantive offense, and is itself punishable as a wobbler. (*People v. Robles* (2000) 23 Cal.4th 1106, 1115 [99 Cal.Rptr.2d 120, 5 P.3d 176] (*Robles*); § 186.22(a).)

section 12031(a)(2)(C) applies to elevate defendant's section 12031, subdivision (a)(1) misdemeanor offense to a felony. Stated conversely, section 12031(a)(2)(C) applies only *after* section 186.22(a) has been *completely* satisfied by conduct *distinct from* the otherwise misdemeanor conduct of carrying a loaded weapon in violation of section 12031, subdivision (a)(1)." (*People v. Lamas* (2007) 42 Cal.4th 516, 524 [67 Cal.Rptr.3d 179, 169 P.3d 102], original italics (*Lamas*).) The court concluded, "defendant's misdemeanor conduct—being a gang member who carries a loaded firearm in public—cannot satisfy section 186.22(a)'s third element, felonious conduct, and then be used to elevate the otherwise misdemeanor offense to a felony." (*Ibid.*)

In *Lamas*, the defendant discarded a loaded handgun into a planter while attempting to flee from police by scaling a wall. A police gang enforcement team member testified he believed the defendant was an active member in the Baker Street criminal street gang. The handgun was one of several guns that had been stolen earlier. Lamas was charged with four felonies: (1) active participation in a gang (§ 186.22(a)); (2) active gang member carrying a loaded firearm in public (§ 12031(a)(2)(C)); (3) active gang member carrying a concealed firearm on his person (§ 12025, subds. (a)(2) & (b)(3)); and (4) receiving stolen property (§ 496, subd. (a)). The information also alleged a gang enhancement under section 186.22, subdivision (b)(1) as to the second charge. Finally, he was also charged with misdemeanor resisting and obstructing an officer. The jury found Lamas guilty of being an active participant in a criminal street gang, the gang-related elevated felony gun offenses, and misdemeanor resisting an officer. (*Lamas, supra*, 42 Cal.4th at pp. 520–521.)

The two gun offenses in *Lamas* required a finding the defendant was an active participant in a criminal street gang under section 186.22(a) to trigger the elevation from misdemeanor to felony. Our Supreme Court, however, concluded that a triggering section 186.22(a) violation required separate felonious conduct from the misdemeanor gun offense conduct. (*Lamas, supra*, 42 Cal.4th at p. 524.) The gang allegation was to be applied to elevate the offense to a felony only after the elements of section 186.22(a) were proved separately using conduct distinct from the conduct underlying the misdemeanor gun offenses. (*Lamas, supra*, at p. 524.) The court found prejudicial instructional error where the trial court informed the jury the underlying felonious conduct for section 186.22(a) could be possession of a loaded or concealed firearm, and reversed the gun convictions. (*Lamas, supra*, at pp. 526–527.)

The *Lamas* court declined to address the issue before us, noting in a footnote, "[w]e do not address the issue raised in briefing regarding whether the felonious conduct requirement in section 186.22(a) can be satisfied with

conduct that occurs contemporaneously with otherwise misdemeanor gun offenses because the record does not contain evidence that defendant [Lamas] engaged in *any* felonious conduct, either concurrently with, or prior to, his misdemeanor gun offenses." (*Lamas, supra*, 42 Cal.4th at p. 526, fn. 9.)[5]

Assuming the juvenile court declares the section 12101(a)(1) offense in count 2 to be a felony, the issue before us is a determination of whether or not the section 12101(a)(1) offense, which is based on appellant's same conduct as the section 12031(a)(1) offense, can support a section 186.22(a) violation and by extension, application of the section 12031(a)(2)(C) gang allegation.

### B. *Section 186.22(a)*

The language of section 186.22(a) is facially unambiguous. (*Albillar, supra*, 51 Cal.4th at p. 55; *People v. Castenada* (2000) 23 Cal.4th 743, 752 [97 Cal.Rptr.2d 906, 3 P.3d 278] (*Castaneda*) ["Through section 186.22(a)'s plainly worded requirements—criminal knowledge, willful promotion of a felony, and active participation in a criminal street gang—our Legislature has made it reasonably clear what conduct is prohibited . . . ."].) In *Castenada*, the court, analyzing the requirement of section 186.22(a) for a defendant to "actively participate" in a criminal street gang, noted in dicta, "a person who violates section 186.22(a) has also aided and abetted a separate felony offense committed by gang members . . . ." (*Castenada, supra*, 23 Cal.4th at p. 749.)

The *Albillar* court analyzed the phrase " '*any* felonious criminal conduct' " (original italics) in section 186.22(a), but focused on the determination that the phrase targeted "felonious criminal conduct, not felonious gang-related conduct." (*Albillar, supra*, 51 Cal.4th at p. 55.) The court explained, "[t]he Legislature clearly knew how to draft language limiting the nature of the criminal conduct promoted, furthered, or assisted and could have included such language had it desired to so limit the reach of section 186.22(a)." (*Id.* at p. 56.) The court discussed the legislative history of the

---

[5] The implication is that *prior* felonious conduct could satisfy the felonious conduct requirement. (See also *Robles, supra*, 23 Cal.4th at pp. 1109–1110.) We note the record indicates appellant has a prior petition sustained on charges of felony vandalism. The prosecution failed to raise this at the hearing, instead noting three different theories of felonious conduct, all revolving around appellant's conduct underlying the current offenses: (1) the "possession of the weapon"; (2) "being in possession of a concealable firearm"; and (3) "aid[ing] and abet[ting] his companions in committing that offense [possession of a concealable firearm] because by [*sic*] his presence in the vehicle." (But see *People v. Albillar* (2010) 51 Cal.4th 47, 66 [119 Cal.Rptr.3d 415, 244 P.3d 1062] (*Albillar*) [no statutory requirement that § 186.22, subd. (b)(1)'s reference to " ' "criminal conduct by gang members" be distinct from the charged offense, or that the evidence establish specific crimes the defendant intended to assist his fellow gang members in committing' "].)

statute, noting it went through a handful of amendments, one of which added "felonious" to "criminal conduct." (*Id.* at pp. 56–57.) If the Legislature desired to specify felonious criminal *offenses*, or expand the scope of the conduct required, it had ample opportunity and ability to do so. (Compare § 186.22, subd. (b)(1) ["any person who is convicted of a felony committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in *any criminal conduct* by gang members . . ." (italics added)] with § 1192.7, subd. (c)(28) [making "any felony *offense*, which would also constitute a felony *violation* of Section 186.22" a serious felony (italics added)]; *People v. Briceno* (2004) 34 Cal.4th 451, 458–459 [20 Cal.Rptr.3d 418, 99 P.3d 1007] (*Briceno*).) Thus, "conduct" and "offense" are not synonymous for purposes of a section 186.22(a) analysis.

The *Lamas* court alluded to the distinction between conduct and offenses as well. It noted, " 'misdemeanor convictions do not constitute "felonious criminal conduct," ' " and that "[i]t logically follows that *misdemeanor conduct* similarly cannot constitute 'felonious criminal conduct' within the meaning of section 186.22." (*Lamas, supra*, 42 Cal.4th at p. 524; see also *Briceno, supra*, 34 Cal.4th at pp. 458, 460 [concluding § 1192.7, subd. (c)(28)'s reference to a felony "violation" of § 186.22 encompassed sentence enhancements under § 186.22, subd. (b), and not just the felony "offense" of § 186.22(a)].) While different facts here had to be proved for the section 12101(a)(1) offense, such as minor's status as a minor (discussed in the unpublished portion of the opinion), or the concealable nature of the weapon, appellant's *conduct* remained the same, and thus cannot be used to support the section 12031(a)(2)(C) gang allegation in violation of *Lamas*.

The single act required of the section 12031(a)(1) and section 12101(a)(1) charges was possession or carrying of the handgun, as discussed, *ante*. Appellant was found guilty of both offenses by virtue of being a passenger in a car with access to a handgun. His behavior, actions, and omissions constituted a single course of conduct from which those two charges arose. This was acknowledged by the juvenile court in its application of section 654 in appellant's disposition.

■  At the dispositional hearing, the juvenile court adopted the probation report's recommendations, which included staying the term for count 1 (§ 12031(a)(1)) under section 654. Section 654 prohibits multiple punishment for offenses arising out of the same conduct, stating in part, "(a) An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." Thus, the probation department and the

juvenile court recognized that a single act, omission, or course of conduct supported both counts 1 and 2.

We conclude the prosecution must prove felonious conduct distinct from the conduct that underlies the section 12031(a)(1) offense, notwithstanding the possibility that a separate felony offense may be charged based on the same underlying conduct. Misdemeanor conduct that would be impermissibly used to support the gang allegation in count 1 under *Lamas* cannot be transformed into viable felonious conduct simply by charging a different offense.

We note that section 12101(a)(1) itself is not at issue. Appellant makes no argument it is not properly charged and we have determined, in the unpublished portion of the opinion, substantial evidence supports it. The issue, rather, is its *use* as the means to turn an otherwise misdemeanor offense into a felony, based on the same conduct that cannot be used in the context of section 12031(a)(1) to find true a gang allegation. Rather than imposing additional sentencing enhancement terms, as in cases discussing the impermissibility of bootstrapping statutes to impose additional penalties, or otherwise addressing the interplay of gang statutes with other provisions (see *Briceno, supra,* 34 Cal.4th at p. 465; *People v. Arroyas* (2002) 96 Cal.App.4th 1439 [118 Cal.Rptr.2d 380]; *People v. Jones* (2009) 47 Cal.4th 566 [98 Cal.Rptr.3d 546, 213 P.3d 997]), at issue here is the elevation of the offense from a misdemeanor to a felony. The underlying conduct used for the elevation here is the same, notwithstanding it being charged as both a misdemeanor and a felony offense.[6] This is an impermissible attempt to circumvent the Supreme Court's restriction on the ability to use the particular misdemeanor conduct of a gang member carrying a loaded firearm in public to elevate the otherwise misdemeanor gun offense to a felony. (*Lamas, supra,* 42 Cal.4th at p. 524.)

Respondent asserts as an alternative that appellant "was found in a car with two other gang members who were minors" and "[t]he court could reasonably find that appellant was an accomplice in one of the other minors' possession of the handgun, which is in itself a felony . . . ." We note the record reference that respondent uses to assert the other two gang members in the car were minors makes no mention of them as minors, but does note that appellant was a minor. We further note the prosecution, referring to the circumstances of the offense, explained to the juvenile court that "[o]ne of the adults in the vehicle

---

[6] Like the *Lamas* court, we decline to address the situation where other felonious conduct occurs simultaneously with the section 12031(a)(1) and section 12031(a)(2)(C) conduct. We note, however, the defendant in *Castenada* "[did] not contest here that through the robbery and attempted robbery in this case, he 'promote[d], further[ed], or assist[ed]' felonious criminal conduct of the Goldenwest gang in violation of section 186.22(a)." (*Castenada, supra,* 23 Cal.4th at p. 753.)

had been recently shot." The juvenile court also specifically asked whether one of the other individuals in the car was a minor, to which the prosecution replied, "no." The prosecution in its closing argument theorized "this minor did aid and abet his companions in committing that offense," but referred to the offense of count 1 (carrying a loaded weapon), rather than count 2 (minor in possession). Our review of the record fails to indicate the age or minor status of the other occupants of the car. We conclude insufficient evidence supports the proposition that appellant's underlying felonious conduct was being an accomplice to the undocumented possible violations of section 12101(a)(1) by the other two occupants of the car whose ages are unknown and at least one of which falls outside the purview of section 12101(a)(1). Regardless, the underlying conduct of being a passenger in a car with other gang members and a loaded handgun remains the same and our prior analysis applies to prohibit circumventing of the *Lamas* holding in this manner as well.

██    Once again, to summarize, we conclude appellant's count 2 true finding on the section 12101(a)(1) felony allegation, even assuming the juvenile court would have deemed it a felony in accordance with California Rules of Court, rule 5.780(e)(5), cannot support the gang allegation under section 12031(a)(2)(C) because the underlying conduct is the same conduct underlying the section 12031(a)(1) offense, which cannot be used under section 12031(a)(2)(C) to elevate the section 12031(a)(1) offense to a felony under *Lamas*. The prosecution must prove separate and distinct felonious conduct, that is, actions or omissions evidencing the offender's behavior, different from the misdemeanor conduct supporting a section 12031(a)(1) allegation, notwithstanding the possibility that the offender's same conduct can support separate and distinct misdemeanor and felony offenses.

IV., V.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

Count 1 is reduced to a misdemeanor and the related special gang allegation under section 186.22(b)(1)(A) is stricken. The matter is remanded to the juvenile court to permit it to exercise its discretion and make a declaration whether the section 12101(a)(1) offense alleged in count 2 and found true is a felony or misdemeanor. If the juvenile court deems count 2 to be a misdemeanor, the related special gang allegation under section 186.22(b)(1)(A) is stricken and the matter must be resentenced accordingly.

---

*See footnote, *ante*, page 628.

The juvenile court is further directed to correct the jurisdictional and dispositional orders as necessary to reflect changes made in accordance with this opinion.

Wiseman, Acting P. J., and Detjen, J., concurred.

Respondent's petition for review by the Supreme Court was denied October 26, 2011, S195806.