Filed 2/20/14

# IN THE SUPREME COURT OF CALIFORNIA

| | | |
|---|---|---|
| THE PEOPLE, | ) | |
| | ) | |
| Plaintiff and Appellant, | ) | |
| | ) | S206084 |
| v. | ) | |
| | ) | Ct.App. 4/3 G046177 |
| DANIEL INFANTE, | ) | |
| | ) | Orange County |
| Defendant and Respondent. | ) | Super. Ct. No. 10NF1137 |
| _____ | ) | |

Under California law, possession of a firearm by a felon is a felony.  (Pen. Code,[1] former § 12021, subd. (a)(1), as amended by Stats. 2008, ch. 599, § 4, p. 4281 [now § 29800, subd. (a)(1), Stats. 2010, ch. 711, § 6].)  Unlawfully carrying a concealed firearm and unlawfully carrying a loaded firearm in public are ordinarily misdemeanors, but become felonies when committed by "an active participant in a criminal street gang, as defined in subdivision (a) of Section 186.22."  (Former §§ 12025, subd. (b)(3), as amended by Stats. 1999, ch. 571, § 2, p. 3961 [now § 25400, subd. (c)(3), Stats. 2010, ch. 711, § 6], 12031, subd. (a)(2)(C), as amended by Stats. 2009, ch. 288, § 1 [now § 25850, subd. (c)(3), Stats. 2010, ch. 711, § 6].)  The question presented in this case is whether possession of a firearm by a felon, concededly a felony, constitutes "felonious criminal conduct" within the meaning of section 186.22, subdivision (a) so as to

---

[1]     All further unspecified statutory references are to the Penal Code.

elevate to felonies the misdemeanor offenses of carrying that concealed firearm and carrying that loaded firearm in public. Resolving a conflict in the Court of Appeal, we conclude that possession of a firearm by a felon does qualify as "felonious criminal conduct" and therefore affirm the decision below.

## BACKGROUND

In the early morning hours of April 1, 2010, a La Habra police officer pulled over a Jeep Cherokee driven by defendant Daniel Infante for a traffic violation. A search of the vehicle revealed a .22-caliber blue steel revolver loaded with hollow-point cartridges and a loaded nine-millimeter semiautomatic pistol. Based on reports of the occupants' prior encounters with police, their own statements and tattoos, and other information, a gang expert opined at the preliminary hearing that defendant and the passenger, David Jimenez, were active members of the "Headhunters" street gang.

Defendant was charged by information with unlawfully carrying a concealed firearm in a vehicle by an active participant in a criminal street gang (former § 12025, subds. (a)(1), (b)(3); count 1), unlawfully carrying a loaded firearm in public by an active participant in a criminal street gang (former § 12031, subd. (a)(1), (2)(C); count 2), possession of a firearm by a felon (former § 12021, subd. (a)(1); count 3), and active participation in a criminal street gang (§ 186.22, subd. (a); count 4). The information further alleged that defendant had suffered three prior prison terms (§ 667.5, subd. (b)).

On September 9, 2011, defendant pleaded guilty to possession of a firearm by a felon (count 3) and active participation in a street gang (count 4) and admitted the prior prison term enhancements. The remaining charges were dismissed. At sentencing, however, the trial court granted defendant's motion to withdraw his plea, and the dismissed counts were reinstated. Five weeks later, the trial court dismissed the charges of unlawfully carrying a concealed firearm by an active gang

2

participant (count 1) and unlawfully carrying a loaded firearm in public by an active gang participant (count 2), relying on *In re Jorge P.* (2011) 197 Cal.App.4th 628 (*Jorge P.*).

On January 27, 2012, defendant entered into a plea bargain in which he pleaded guilty to counts 3 and 4 and admitted the three prior prison term enhancements in exchange for a promise of a two-year prison term. The sentencing date was continued.

The People appealed the order dismissing counts 1 and 2. The Court of Appeal, disagreeing with *Jorge P.*, *supra*, 197 Cal.App.4th 628, reversed in a published opinion. We granted review to resolve the conflict.

## DISCUSSION

In 1996, the Legislature amended former section 12025, which defined the misdemeanor offense of unlawfully carrying a concealed firearm, and former section 12031, which defined the misdemeanor offense of unlawfully carrying a loaded firearm in public. (Stats. 1996, ch. 787, §§ 2, 3, pp. 4152-4153.) As a result of the amendments, unlawfully carrying a concealed firearm and unlawfully carrying a loaded firearm in public became felonies "[w]here the person is an active participant in a criminal street gang, as defined in subdivision (a) of Section 186.22." (Former §§ 12025, subd. (b)(3), 12031, subd. (a)(2)(C).)

In *People v. Robles* (2000) 23 Cal.4th 1106, 1115, we interpreted the alternate penalty provision for the crime of unlawfully carrying a loaded firearm in public by "an active participant in a criminal street gang, as defined in subdivision (a) of Section 186.22" (former § 12031, subd. (a)(2)(C)) to require proof of each element "of the offense described in section 186.22(a). Those elements are 'actively participat[ing] in any criminal street gang with knowledge that its members engage in or have engaged in a pattern of criminal gang activity' and

3

'willfully promot[ing], further[ing], or assist[ing] in any felonious criminal conduct by members of that gang.' " (*Robles*, *supra*, at p. 1115.)

In *People v. Lamas* (2007) 42 Cal.4th 516, 519 (*Lamas*), we "again consider[ed] the interplay between sections 186.22(a) and 12031(a)(2)(C)," this time specifying the sequence in which those provisions were to be applied. *Lamas* explained that "*all* of section 186.22(a)'s elements must be satisfied, including that defendant willfully promoted, furthered, or assisted felonious conduct by his fellow gang members *before* section 12031(a)(2)(C) applies to elevate defendant's section 12031, subdivision (a)(1) misdemeanor offense to a felony." (*Lamas*, *supra*, at p. 524.) Accordingly, "misdemeanor conduct—being a gang member who carries a loaded firearm in public—cannot satisfy section 186.22(a)'s third element, *felonious* conduct," and thus cannot "be used to elevate the otherwise misdemeanor offense to a felony." (*Lamas*, *supra*, at p. 524, italics added.) "The same logic," we concluded, "applies with equal force to the interplay between section 186.22(a) and section 12025(b)(3), the section that elevates the misdemeanor offense of carrying a concealed weapon on one's person (§ 12025(a)(2)) to a felony if committed by 'an active participant in a criminal street gang, as defined in subdivision (a) of Section 186.22.' " (*Lamas*, *supra*, at pp. 524-525.) The rationale for our decision was, quite simply, that "*misdemeanor conduct . . .* cannot constitute 'felonious criminal conduct' within the meaning of section 186.22." (*Lamas*, *supra*, at p. 524.)

In this case, unlike in *Lamas*, the People do not rely on misdemeanor conduct to establish the "felonious criminal conduct" element of the substantive gang offense or of the alternate penalty provision for certain firearm offenses committed by active gang participants. Defendant concedes, as he must, that a violation of former section 12021, subdivision (a)(1) is a felony that may be used to establish the "felonious criminal conduct" element of the substantive gang

4

offense.  (See, e.g., *People v. Mesa* (2012) 54 Cal.4th 191, 197-198, 200.)  In defendant's view, however, a violation of former section 12021, subdivision (a)(1) may *not* be used to elevate the misdemeanor gun offenses charged here to felonies because, he says, "the same act of gun possession" cannot be used "to both establish the substantive gang charge *and* elevate the two otherwise misdemeanor gun offenses to felony gun offenses."  For this theory, he relies on *Jorge P.*, *supra*, 197 Cal.App.4th 628.

In *Jorge P.*, the juvenile court found true the allegations that the minor was in possession of a concealable weapon (former § 12101, subd. (a) [now § 29610, Stats. 2010, ch. 711, § 6]), and that the minor unlawfully carried a loaded firearm in a vehicle (former § 12031, subd. (a)(1)).  The juvenile court elevated the misdemeanor firearm offense to a felony on the asserted ground the minor was an active participant in a criminal street gang.  (*Jorge P.*, *supra*, 197 Cal.App.4th at p. 631, citing former § 12031, subd. (a)(2)(C).)  To satisfy the "felonious criminal conduct" element of the gang-associated penalty provision, the People relied on the true finding that the minor had possessed a concealable weapon in violation of former section 12101, subdivision (a), which is a wobbler.  (*Jorge P.*, *supra*, at p. 632.)  The trial court, however, had failed to declare whether this wobbler offense was a misdemeanor or a felony (see Cal. Rules of Court, rule 5.780(e)(5)), and the matter was remanded to the juvenile court to enable it to make that determination.  In the interests of "judicial economy," though, the Court of Appeal considered whether the wobbler offense, assuming it were deemed a felony, constituted " 'felonious criminal conduct' " for purposes of the alternate penalty provision in former section 12031, and concluded that it did not.  (*Jorge P.*, *supra*, at p. 633.)  In the view of the Court of Appeal, the alternate penalty provision elevating the misdemeanor firearm offense to a felony based on gang participation "requires proof of felonious conduct *separate and distinct* from the conduct supporting a

5

section 12031(a)(1) allegation, notwithstanding the possibility the section 12031(a)(1) conduct can support multiple offense allegations." (*Jorge P.*, *supra*, 197 Cal.App.4th at p. 630, italics added.)

*Jorge P.* misread our decision in *Lamas*. *Lamas* held that the misdemeanor act of unlawfully carrying a loaded firearm in public under former section 12031, subdivision (a)(1) by an active gang participant, without more, could not be elevated to a felony under the gang-associated alternate penalty provision (former § 12031, subd. (a)(2)(C)) where the record failed to show that the gang participant "engaged in *any* felonious conduct." (*Lamas*, *supra*, 42 Cal.4th at p. 526.) The alternate penalty provision, as we explained, requires proof that the charged gang participant willfully promoted, furthered, or assisted *felonious* conduct by fellow gang members *before* one may consider whether that provision applies to elevate to a felony what would otherwise be the misdemeanor act of unlawfully carrying a loaded firearm in public. (*Lamas*, *supra*, 42 Cal.4th at p. 524.)

Defendant, like the Court of Appeal in *Jorge P.*, places great emphasis on one passage in particular from *Lamas*, which stated "that, in order to establish the elements of section 186.22, among other things, the prosecution must prove that the charged gang member willfully promoted, furthered, or assisted members of his gang in *felonious* criminal conduct that is *distinct from* his otherwise misdemeanor conduct of carrying a loaded firearm in public or carrying a concealed weapon on his person." (*Lamas*, *supra*, 42 Cal.4th at pp. 519-520.) But we did not thereby impose the additional requirement, as *Jorge P.* assumed, that the felonious conduct be "separate," "distinct," or "different" from the conduct supporting the misdemeanor gun offense. (*Jorge P.*, *supra*, 197 Cal.App.4th at p. 638.)

Our analysis in *Lamas* centered on the trial court's error in instructing the jury that " 'carrying a loaded firearm in a public place by a gang member' " and " 'carrying a concealed firearm by a gang member' "—both misdemeanors—

6

constituted " '[f]elonious criminal conduct.' " (*Lamas*, *supra*, 42 Cal.4th at p. 525.) The error effectively "removed an essential element" from the instructions on the substantive gang offense and the firearm offenses. (*Id*. at p. 526.) As to the substantive gang offense, the instructions "required the jury to find that defendant committed or aided and abetted a misdemeanor offense, namely, carrying a loaded firearm in public (§ 12031, subd. (a)(1)), rather than a felony offense as is required by section 186.22(a)." (*Lamas*, *supra*, at p. 525.) As to the firearm offenses, "the instructions required the jury to find only that defendant committed, or aided and abetted a gang member in committing, a misdemeanor, rather than that defendant had engaged in felonious criminal conduct." (*Id*. at p. 526, italics omitted.) Because the record contained "no evidence . . . that suggested defendant engaged in *any* felonious conduct," we deemed the error prejudicial and reversed the convictions for both the substantive gang offense and the firearm offenses. (*Ibid.*)

Thus, in requiring that the "felonious criminal conduct" element of section 186.22, subdivision (a)—whether used to prove the substantive gang offense itself or the gang-associated alternate penalty provision in sections 12025 and 12031— be "*distinct from*" otherwise misdemeanor conduct, we meant no more than that the conduct's status as a felony had to be established independently of section 186.22, subdivision (a) as well as independently of former sections 12025 and 12031. (*Lamas*, *supra*, 42 Cal.4th at p. 524.) After all, misdemeanor conduct "cannot satisfy section 186.22(a)'s third element, felonious conduct"—and unless all the elements of the substantive gang offense are satisfied, neither former section 12025, subdivision (b)(3) nor former section 12031, subdivision (a)(2)(C) may "be used to elevate the otherwise misdemeanor offense to a felony." (*Lamas*, *supra*, 42 Cal.4th at p. 524.)

The situation here is distinguishable. Because the felony status of the crime of felon in possession of a firearm does not depend on the substantive gang offense

(§ 186.22, subd. (a)) or on the alternate penalty provisions for certain firearm offenses committed by an active gang participant (former §§ 12025, subd. (b)(3), 12031, subd. (a)(2)(C)), nothing in *Lamas* precludes use of that felony conduct to satisfy the "felonious criminal conduct" element of the substantive gang offense and thus to elevate the misdemeanor gun offenses to felonies in this case.[2]

Moreover, at no point did *Lamas* suggest that active participation in a criminal street gang for purposes of the alternate penalty provisions in former sections 12025 and 12031 meant something narrower than active participation in a criminal street gang for purposes of section 186.22, subdivision (a). To the contrary, we explained that the misdemeanor act of unlawfully carrying a loaded or concealed firearm " 'becomes a felony . . . when a defendant satisfies the *elements* of the offense described in section 186.22(a).' " (*Lamas*, *supra*, 42 Cal.4th at p. 523, italics added.) As defendant concedes, "any felonious criminal conduct" within the meaning of the substantive gang offense (§ 186.22, subd. (a)) includes a felon's possession of a firearm. It follows that "any felonious criminal conduct" would include that same offense for purposes of the gang-associated alternate penalty provision set forth in former section 12025, subdivision (b)(3) and former section 12031, subdivision (a)(2)(C), each of which merely incorporates the elements of section 186.22, subdivision (a). To the extent that *In re Jorge P.*, *supra*, 197 Cal.App.4th 628, suggested otherwise, it is disapproved.

Defendant alternatively urges us to invoke "[t]he rationale behind the application of section 654" in this case so as to prevent multiple convictions based

---

**2** Contrary to the suggestion in *Jorge P.*, *supra*, 197 Cal.App.4th at page 637, our conclusion does not turn on the fact defendant was separately charged with being a felon in possession of a firearm. Possession of a firearm by a felon constitutes felonious conduct regardless of whether the offense was separately charged.

8

on his single act of possessing a firearm. We decline to do so. " 'It is well settled that section 654 protects against multiple punishment, not multiple conviction.' " (*People v. Correa* (2012) 54 Cal.4th 331, 336.)

**DISPOSITION**

The judgment of the Court of Appeal is affirmed.

BAXTER, J.


WE CONCUR:

CANTIL-SAKAUYE, C.J.
KENNARD, J.
WERDEGAR, J.
CHIN, J.
CORRIGAN, J.
LIU, J.

10

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** People v. Infante

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 209 Cal.App.4th 987
**Rehearing Granted**

_____

**Opinion No.** S206084
**Date Filed:** February 20, 2014

_____

**Court:** Superior
**County:** Orange
**Judge:** Richard W. Stanford, Jr.

_____

**Counsel:**

Tony Rackauckas, District Attorney, and Brian F. Fitzpatrick, Deputy District Attorney, for Plaintiff and Appellant.

Stephen M. Hinkle, under appointment by the Supreme Court, for Defendant and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Brian F. Fitzpatrick
Deputy District Attorney
Post Office Box 808
Santa Ana, CA  92702
(714) 347-8789

Stephen M. Hinkle
11260 Donner Pass Road, C-1 PMB 138
Truckee, CA  96161
(530) 553-4425