Filed 3/24/16  P. v. Vizcarra CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  The opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>LORENZO JUNIOR VIZCARRA,<br><br>    Defendant and Appellant. | G050645<br><br>Super. Ct. No. 11NF2902<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Dan McNerney, Judge.  Affirmed.

Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

\*         \*         \*

A jury convicted Lorenzo Vizcarra of carjacking (Pen. Code, § 215, subd. (a) [count 1]; all statutory citations are to the Penal Code unless noted), kidnapping during the commission of carjacking (§ 209.5, subd. (a) [count 2]), and active participation in a criminal street gang (§ 186.22, subd. (a) [count 3]). The jury also found true allegations Vizcarra committed carjacking and kidnapping for the benefit of, at the direction of, or in association with Baker Street, a criminal street gang (§186.22, subd. (b)(1)). Vizacarra contends trial counsel performed ineffectively by failing to object to a gang expert's testimony Vizcarra and an accomplice in the current case had been convicted for a subsequent robbery with gang enhancements. Vizcarra also contends there is insufficient evidence to sustain the gang enhancements and his conviction for active participation in a criminal street gang (count 3). For the reasons expressed below, we affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND

On April 26, 2011, at approximately 12:30 a.m., Felipe Cruz sat in his 2004 Nissan Sentra parked in front of a Fullerton restaurant while waiting for his girlfriend. Vizcarra approached Cruz and through the open window asked him for a ride. When Cruz declined, Vizcarra reached into the car and opened the door. A Hispanic woman and at least two Hispanic males pulled Cruz from his car and assaulted him by hitting and kicking him in the head, face and body. After the beating, they forced Cruz into the back seat. Vizcarra sat on Cruz's right side and another male sat on his left. A third male sat in the front passenger seat, and the female drove the car to an alley. There, the group removed Cruz from the car and assaulted him again. They put Cruz back into the car and drove onto the 91 freeway. During the journey, the men in the backseat struck Cruz. They eventually stopped in a residential area, where they removed Cruz and again attacked him. They asked Cruz for money and his phone, but he had lost his wallet and had thrown his phone away during the earlier assault. The group left Cruz and departed.

2

Cruz asked bystanders to call his cousin, who took him to the hospital. He suffered a head injury, chest trauma, facial injuries, a nasal fracture, and received four stitches on the left side of his eye.

La Palma police officers located Cruz's car in a residential neighborhood about 24 hours after the attack. They discovered burn marks and blood spatter inside the car. Vizcarra's DNA was found on the inside door handle. In September 2011, Cruz identified Vizcarra and Michelle Hernandez from photographic lineups.

Fullerton Police Detective Joseph Zuniga testified as a gang expert. Based on personal observations and a review of documentary evidence, and recounting several gang-related incidents, Zuniga opined Baker Street was a criminal street gang, Vizcarra and Hernandez were active members of the gang on April 26, 2011, and they committed the crimes against Cruz for the benefit of their gang.

Following trial in April 2014, the jury convicted Vizcarra as noted above.[1] In July 2014, the court imposed a sentence of 15 years to life for carjacking (count 1) and stayed (§ 654) a term for kidnapping (count 2).


II

DISCUSSION

A. *The Record Does Not Support Vizcarra's Claim He Received Ineffective Assistance of Counsel*

Before trial, following an unreported discussion in chambers, the court granted a defense motion precluding the prosecution from asking the gang expert Zuniga whether Hernandez had pleaded guilty to carjacking with a gang enhancement in the current case. The court agreed her plea supported the gang expert's opinion Hernandez

---

[1] Vizcarra admitted suffering a prior strike adjudication for robbery as a juvenile in 2007. (§§ 667, subds. (d), (e)(1), 1170.12, subds. (b), (c)(1)). The court struck the prior at sentencing. (§ 1385.)

was an active Baker Street gang member, but noted it would be "virtually impossible" for the jury to avoid using the evidence in violation of Vizcarra's confrontation rights. (See *Crawford v. Washington* (2004) 541 U.S. 36, 50-51 [testimonial out-of-court statements by nontestifying witness barred under the Confrontation Clause].)

The court also ruled the prosecutor could offer evidence Hernandez and another person pleaded guilty and admitted a gang allegation concerning a robbery occurring on June 14, 2011. But the court precluded the prosecutor from offering evidence Vizcarra was also an accomplice.

Finally, the court noted Vizcarra and Hernandez had been convicted of robbery, conspiracy, and evading arrest with gang enhancements arising out of an incident occurring on June 21, 2011, nearly two months after the offenses in the current case. The court allowed the prosecution to offer evidence through Zuniga of "those two convictions not only for purposes of establishing [Vizcarra's] ongoing participation in the Baker[] street criminal street gang, but also [Hernandez's]. I don't find that the same prejudices attach to that case as it relates to Mr. Vizcarra in that that case has been adjudicated, even though he has not yet been sentenced in that matter." Defense counsel submitted on this issue at the pretrial hearing.

During Zuniga's testimony, the prosecutor asked: "All right. Now, have you reviewed court documents relating to an incident that occurred June 21st, 2011, in the City of Newport Beach? A. Yes. Q. And in that particular incident did you review court documents where a jury convicted Mr. Vizcarra as well as Ms. Hernandez of a robbery, conspiracy to commit robbery, and evading as well as gang enhancements? A. Yes." Counsel did not object to this testimony.

Vizcarra contends trial counsel's failure to object to Zuniga's testimony concerning the June 21, 2011, convictions constituted ineffective assistance of counsel. Vizcarra argues evidence of the fact of the convictions reduced the prosecution's burden of proof. He elaborates in his reply brief, "The later incident involved gang

4

enhancements with respect to Baker Street.  If appellant was convicted of those crimes and the gang enhancements found true in a later-occurring offense, then no doubt, the jury would be of the opinion that if he was a gang member then, he must have been a gang member in this offense.  That evidence deprived the jury of making its own independent determination on the gang enhancements in this case, and essentially led to a directed verdict on the gang enhancement, thereby lessening the prosecution's burden of proof."

To establish a claim of ineffective assistance of counsel, a defendant must show counsel's representation failed to meet an objective standard of professional reasonableness and that he was prejudiced by counsel's deficient representation, meaning absent counsel's deficiencies, there is a reasonable probability the result would have been more favorable to the defendant.  (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688.)  A reviewing court must defer to counsel's reasonable tactical decisions, and there is a "'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'"  (*People v. Weaver* (2001) 26 Cal.4th 876, 925.)  "An attorney may choose not to object for many reasons, and the failure to object rarely establishes ineffectiveness of counsel."  (*People v. Kelly* (1992) 1 Cal.4th 495, 540 (*Kelly*); *People v. Frierson* (1991) 53 Cal.3d 730, 747 (*Frierson*) ["mere failure to object to evidence . . . seldom establishes counsel's incompetence"]; see *People v. Riel* (2000) 22 Cal.4th 1153, 1197 (*Riel*) ["'choice of when to object is inherently a matter of trial tactics not ordinarily reviewable on appeal'"].)

The Supreme Court has "repeatedly stressed 'that "[if] the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged[,] . . . unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation," the claim on appeal must be rejected.' [Citations]."  (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266.)  In the usual case, where counsel's trial tactics or strategic reasons for challenged decisions do not appear

on the record, we will not find ineffective assistance of counsel on appeal unless there could be no conceivable reason for counsel's acts or omissions. [Citations.]" (*People v. Weaver* (2001) 26 Cal.4th 876, 926.)

Here, the record does not reveal why trial counsel failed to object to Zuniga's testimony. But, "we cannot eliminate the probability that defense counsel had valid tactical reasons for not objecting." (*People v. Jones* (2009) 178 Cal.App.4th 853, 860.) Trial counsel may have acted tactically by allowing Zuniga to testify Vizcarra and Hernandez had been convicted of the June 21, 2011, offenses with gang enhancements in lieu of the prosecution seeking to present evidence underlying those convictions in the current trial. Indeed, appellate counsel acknowledges evidence of an uncharged offense, whether occurring before or after the date of the charged offense, may be relevant and admissible in the trial court's discretion where it is substantially relevant for a purpose other than to show defendant's criminal character or disposition. (*People v. Balcom* (1994) 7 Cal.4th 414, 425-426; Evid. Code, §§ 1101, subd. (b) [evidence a person committed a crime, civil wrong, or other act when relevant to prove some fact such as motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident other than his or her disposition to commit such an act].) Because it is possible trial counsel had a rational tactical ground for not objecting, Vizcarra's claim of ineffective assistance of counsel fails on appeal. (*People v. Arce* (2014) 226 Cal.App.4th 924, 932.)

B. *Substantial Evidence Supports the Gang Enhancements*

Vizcarra also argues there was insufficient evidence to sustain the gang enhancements. He asserts the trial court erred by denying his motion for a judgment of acquittal following the prosecution's case-in-chief. (§ 1118.1 [defendant entitled to judgment of acquittal where evidence is insufficient to sustain a conviction on appeal].) He also complains the jury's subsequent findings are not supported by substantial evidence.

Section 186.22, subdivision (b), provides additional punishment for a "person who is convicted of a felony committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members . . . ." The enhancement applies only if the felony offense is gang related. (*People v. Gardeley* (1996) 14 Cal.4th 605, 622.)

The test for sufficiency of the evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (*Jackson v. Virginia* (1979) 443 U.S. 307, 318-319; *People v. Johnson* (1980) 26 Cal.3d 557, 576-578.) The reviewing court reviews the whole record and evidence in the light most favorable to the judgment below and determines whether the record contains substantial evidence from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. (*People v. Johnson, supra*, at p. 562.) The evidence must be of ponderable legal significance, reasonable in nature, credible and of solid value. (*People v. Bassett* (1968) 69 Cal.2d 122, 139; see *People v. Houston* (2012) 54 Cal. 4th 1186, 1215 [appellate court reviews only the evidence introduced when the section 1118.1 motion was made].)

Vizcarra argues Zuniga's opinion the carjacking and kidnapping were committed for the benefit of a criminal street gang, "while couched in terms of a hypothetical, constituted an impermissible opinion on the issue, and was not supported by substantial evidence." We disagree. (See *People v. Vang* (2011) 52 Cal.4th 1038, 1046-1047 [upholding expert opinion the underlying offense was committed for the benefit of a gang based on the hypothetical facts rooted in the evidence].)

Zuniga based his opinion the crimes were committed to benefit Baker Street on his knowledge and experience concerning criminal street gangs, his specific knowledge of the Baker Street gang, his communications with Baker Street gang

members and community members, and Vizcarra's and Hernandez's associations with each other and other Baker Street gang members, which included criminal behavior.

Vizcarra complains his "four to five documented contacts . . . in the presence of Baker Street members . . . all occurred in Baker Street territory, an area where appellant resided, and during which time appellant was doing nothing illegal." But officers testified he was engaging in the gang-related behavior of "posting up," which occurs when gang members gather in a prominent spot to monitor the neighborhood, intimidate others, and show force. Evidence also linked Vizcarra to other criminal behavior, albeit some unprosecuted, with Baker Street members. Vizcarra also admitted to "associating" with Baker Street gang members, and he had gang-related tattoos, even if they were not "exclusive" to Baker Street. Finally, his criminal behavior with gang member Hernandez on the current occasion, as well as a few months later in June 2011, strongly suggested the current crimes were committed for the benefit of, at the direction of, or in association with any criminal street gang and with the specific intent to promote, further, or assist in any criminal conduct by gang members.

Resisting this conclusion, defendants assert we are bound by the decisions in *Frank S.* 141 Cal.App.4th 1192 (*Frank S.*) and *People v. Ramon* (2009) 175 Cal.App.4th 843 (*Ramon*). In *Frank S.*, a police officer detained a minor for failing to stop at a red light while riding a bicycle. The officer found a concealed knife on the minor, who explained he carried the knife for protection again the "Southerners," a local gang. (*Frank S.*, at p. 1195.) The minor later admitted he was affiliated with a rival gang. (*Frank S.*, at p. 1198.) The prosecution's gang expert testified the minor's possession of the knife benefitted his gang because members would use the knife for protection or to assault rival gangs. (*Frank S.*, at p. 1195.) The appellate court reversed the true finding on the enhancement, explaining the prosecution presented no evidence to support the expert's general opinion regarding gangs and her opinion the defendant met the criteria to apply the enhancement. The court explained, "The prosecution did not

8

present any evidence that the minor was in gang territory, had gang members with him, or had any reason to expect to use the knife in a gang-related offense." (*Frank S., supra*, at p. 1199.) The court emphasized the evidence showed no more than the minor had affiliated with the gang, and "membership alone does not prove a specific intent to use the knife to promote, further, or assist in criminal conduct by gang members." (*Ibid*.) The court concluded no substantial evidence supported the expert's opinion the minor acted with the requisite specific intent. (*Ibid*.)

Here, the crime occurred in or near Baker Street territory, and Vizcarra acted in the company of gang member Hernandez and others, who the jury reasonably court infer were also gang members. As Zuniga explained, a carjacking could benefit the gang by providing transportation for its members, and as the trial court noted, the gang members who perpetrated violent crimes earned respect for themselves and their gang by boosting their reputation in the gang and community, and discouraged victims from cooperating with law enforcement. In *Frank S*., the prosecution's gang expert failed to present evidence connecting the minor's possession of the knife to criminal conduct by his gang members, such as evidence the minor's gang used knives to commit certain offenses. The totality of evidence supports Zuniga's opinion, and the jury's findings, Vizcarra committed carjacking and kidnapping for the benefit of, at the direction of, or in association with Baker Street with the specific intent to promote, further, or assist in criminal conduct by gang members.[2]

---

[2] There was evidence supporting a contrary conclusion. For example, Vizcarra and his accomplices did not mention Baker Street during the crimes, there was no evidence the perpetrators wore gang clothing or exhibited gang signs, Cruz was not a rival gang member, and there was no evidence the community was informed of the crime to instill "fear" or "respect." Vizcarra also notes Cruz's vehicle was abandoned rather than used as transportation by Baker Street gang members. We may not reweigh the evidence, however. Substantial evidence supported the jury's decision.

C.     *Substantial Evidence Supports the Conviction for Active Gang Participation*

Finally, Vizcarra challenges the sufficiency of the evidence to support his conviction for active participation in a criminal street gang.  Section 186.22, subdivision (a), provides, "Any person who actively participates in any criminal street gang with knowledge that its members engage in or have engaged in a pattern of criminal gang activity, and who willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang, shall be punished by imprisonment in a county jail for a period not to exceed one year, or by imprisonment in the state prison for 16 months, or two or three years."

The elements include active participation in a criminal street gang, knowledge the gang's members engage in, or have engaged in, a pattern of criminal gang activity, and commission or willful promotion, furthering, or assisting of felonious criminal conduct by members of that gang.  (*People v. Lamas* (2007) 42 Cal.4th 516, 523 (*Lamas*).)  Active participation is shown by gang involvement that is more than nominal or passive (*People v. Castenada* (2000) 23 Cal.4th 743, 750).  Evidence of this offense can be gleaned by the current charges or prior crimes (*People v. Morales* (2003) 112 Cal.App.4th 1176, 1198 [noting gang members do not commit crimes with nongang members]), association with other known gang members (*People v. Salcido* (2007) 149 Cal.App.4th 356, 361), tattoos (*People v. Duran* (2002) 97 Cal.App.4th 1448, 1455), nicknames and monikers (*People v. Galvez* (2011) 195 Cal.App.4th 1253), and graffiti (*People v. Schoppe-Rico* (2006) 140 Cal.App.4th 1370, 1378, fn. 8).  Willfully promoting, furthering, or assisting felonious conduct by members of the gang means the defendant must either directly or actively commit a felony offense with other members of the gang, or aid and abet felony misconduct by other members of the gang.  (*People v. Rodriguez* (2012) 55 Cal.4th 1125, 1137 (*Rodriguez*) [gang member acting alone while committing a felony does not violate § 186.22, subd. (a)].)

10

Vizcarra asserts there was insufficient evidence this was a "gang-related" incident. But there is no requirement the felonious conduct explicitly benefit the gang or be gang related. (*People v. Albillar* (2010) 51 Cal.4th 47, 51; *People v. Martinez* (2008) 158 Cal.App.4th 1324, 1334.) In any event, as explained above, there was substantial evidence to support the jury's findings the carjacking and kidnapping offenses were committed for the benefit of, at the direction of, or in association with a criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members.

Vizcarra states the evidence did not establish his "membership" in Baker Street (*Rodriguez, supra,* 55 Cal.4th at p. 1130.) But section 186.22, subdivision (a), is violated when the defendant, member or not, directly or actively commits a felony offense knowingly with a gang member, or aids and abets the gang member in the felony. (*Lamas, supra*, 42 Cal.4th at p. 523.) Here, ample evidence established Vizcarra directly or actively committed felony offenses with gang member Hernandez.

III

DISPOSITION

The judgment is affirmed.


ARONSON, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


THOMPSON, J.

11